52 So.2d 387

## DAVIS v. DAVIS.
### 4 Div. 646.

Supreme Court of Alabama.
May 10, 1951.

Albert L. Rankin, Robt. B. Albritton and Powell, Albritton & Albritton, all of Andalusia, for appellant.

E. O. Baldwin, Andalusia, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the Circuit Court, in Equity, of Covington County, rendered October 5, 1950, whereby said court made provision for the custody of a minor, a boy then thirteen years of age, in a controversy between his mother, Nancy D. Davis, and his father, James L. Davis, Jr. The decree of the court provided that from then until the last of May 1951, the boy's custody should be awarded to his father so long as said child is kept in the home of his father's parents, Mr. and Mrs. James L. Davis, Sr., who reside in Wing, Alabama, and so long as he obeys the further orders of the court. For the months of June, July and August of the year 1951, and each successive year, his custody was awarded to his mother, Nancy D. Davis, provided she is in the United States. The decree also made observation that it was the purpose of the court in making the award for the nine months that the child should reside on the farm of his grandparents in Covington County, who would provide for him a measure of protection and love. There are some other provisions as to his custody. The trial court entered into an elaborate discussion of the evidence and recited the substance of it, showing that he was confronted with a very delicate and difficult situation.

The mother and father of the boy were married in 1932 and lived together until November 1948. A decree of divorce was granted in May 1949 in Bay County, Florida, at Panama City where they resided. In March of that year the mother became acquainted with one Reesa W. Davis and was married to him on July 5, 1949, and they now live together near Panama City. He holds the rank of chief electronic technician in the United States Navy. They live in a well appointed trailer home in a trailer park. The custody of the boy was not referred to in the decree of divorce or in other proceedings in Florida. The boy's father had been employed at Panama City in the shipbuilding plant and in the paper mill, but soon after the divorce he returned to Covington County to reside with his father and mother on a two hundred acre farm, where he is now living. He has not married again.

The boy lived with his mother and stepfather for practically a year after they were married and, on August 5, 1950, he left their trailer home and went to Covington County without the permission or knowledge of his mother or stepfather. His mother was and is employed by the J. C. Penney store and she and her husband together make a very good salary. The boy had been industrious in Panama City, having a paper route, and had saved some money and recently purchased a typewriter of which he was very proud. He still has some thirty dollars which is in the bank account of his stepfather who recognized his interest. His mother and stepfather were very good to him. The stepfather seems to be an intelligent and kind parent. The trial judge paid him much respect as a witness in the case, but not so much can be said of his real father. The grandparents of the boy living in Covington County are said by the trial judge to be of excellent standing and the boy's surroundings there are in every way desirable. The boy expressed himself as a witness in court, showing a desire to live with his father and grandparents rather than his mother and stepfather. He was very carefully examined in that respect by the court and by counsel. He deported himself intelligently and his answers were impressive for their frankness. His place of abode in Covington County is near a good school and seems to give him what he likes best.

It is apparent that he should be at one or the other place during the entire school term, and his custody could very well be awarded to the other parent during the summer vacation.

With the limitations which the court fixed he thought it advantageous that the boy spend the school term with his father at the home of his grandparents and his vacations on the coast with his mother and stepfather. It seems that both places would afford the boy comfortable and desirable

surroundings. However, he has expressed his preference. The trial court seeing the witnesses and parties and seeing and hearing the boy himself, has made his decision. We are not disposed to modify it in any respect.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.