(121 So. 92)

### HAWKINS v. HAWKINS. (8 Div. 73.)

Supreme Court of Alabama. March 21, 1929.

Douglass Taylor, of Huntsville, for appellant.

R. E. Spragins, of Huntsville, for appellee.

ANDERSON, C. J. The appellant was granted a divorce from the appellee upon the ground of cruelty. She had two children, the elder being eighteen months of age and the younger one an infant. The trial court awarded the appellant the entire custody of the younger child, but directed an equal division of time as to the custody of the elder, an eighteen months old male child, and it is from this part of the decree alone that this appeal is taken.

It is the well-established rule that, in determining who should have the custody of children, the best interest and welfare of the child should be the controlling or paramount inquiry. In certain instances a distinction is made according to the sex of the child, the father being preferred as to males and the mother as to females. On the other hand, it has been generally held that where a child is of such tender age as to require the care and attention that a mother is especially fitted to bestow upon it, the mother, rather than the father, is the proper custodian, unless, of course, for some reason she is unfit for the trust. 29 Cyc. 1596. Here the mother is not shown to be unfit, while the father has been adjudged guilty of cruelty to her, and, while this fact is not conclusive of his unfitness for the custody of the child, it is a circumstance to be considered in passing upon the respective fitness of the parties. Again the division or shifting of the custody of the child every six months does not appeal to this court as being to the best interest of the child, at least until it reaches a more mature or school age, and the trial court can make such orders or modifications of the decree to fit such changed conditions as time may develop, having the interest and welfare of the child as the paramount consideration. So also can the trial court direct that the father may be given a reasonable opportunity to see or visit the child or have it sent to him or his parents if he is with them, but we think the trial court erred in dividing the custody of the child as was done, and the decree of the circuit court is reversed in this respect and otherwise affirmed.

The cause is affirmed in part, and reversed and remanded in part, and cost of appeal taxed against the appellee.

GARDNER, BOULDIN, and FOSTER, JJ., concur.