194 So. 190

**LONG v. LONG.**

**6 Div. 591.**

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

Clifford Emond, of Birmingham, for appellant.

Taylor & Higgins, of Birmingham, for appellee.

FOSTER, Justice.

The question here is whether the custody of a five year old daughter should be awarded to the father or mother.

The mother resides in New York, and the father in Birmingham. They were married in Birmingham in 1932, and moved to New York at once, where she was residing before her marriage. They lived together in New York until March, 1936. The child was born in 1934. Both parents did work during their married life when it was available. The mother came to America from Norway to her uncle and aunt who adopted her. They have no other children, are in fair circumstances, and are able and willing to aid her as she needs it.

In the spring of 1936 these contesting parents had some controversy, the wife complaining of his attention to another married woman. But the contention did not seem to be serious; and there is no satisfactory evidence in this record of sexual intimacy. But in March, 1936, they were both out of employment, and had to give up their apartment. He sent her and the baby to his parents in Birmingham. They spent only a short time there when she returned to New York, and went to a friend's residence, and for several days did not notify her husband. He had then se-

cured a job in New Jersey, and he tried to induce her to come and live with him. This she declined to do, claiming that he was too intimate with this married woman. He came to see them a time or two, and took the baby out on occasions and returned her to the mother. Finally in July, 1936, on one such occasion, he did not return her but brought her to Birmingham to his parents where he went to reside, giving up his job. He has lived there since.

In July, 1938, she obtained a divorce from him in New York on the ground of adultery. He was served with process in Alabama, but made no general appearance, and did not resist her prayer for divorce. The evidence of his immoral conduct is not at all satisfactory. He appears to have much personal attraction, but not dissipated. Neither is there substantial evidence affecting the character or conduct of the mother; though there was an effort made to reflect upon her.

The home of his parents in Birmingham is shown to have been a good place for the child, though there is some question as to the conduct of his father, but not his mother.

However, in the early part of 1939, he married again in Birmingham a young woman shown to have good standing and character, and they show a good environment for the child. They have a home of their own in good surroundings. They are both employed, and have the child in the care of an attendant during the day.

On the other hand, the mother's foster parents are well situated in Staten Island, New York, with their own home, where she lives, and are willing to aid her as she may need in the care of the child, and her home would be a good place for the child. The mother is employed as a bookkeeper and earns enough for their support.

We think the evidence shows that one parent is about as well situated as the other insofar as concerns the care and custody of the child.

Both of them are at fault. There is not shown any good reason why the mother should have refused to return to her husband when she went back to New York. As we view it, her conduct amounts to a voluntary abandonment by her. While the divorce decree may be conclusive insofar as its effect goes, it is not conclusive in determining the question here presented. The husband also was at fault

in his attentions to other women, and in taking the child away from her mother without good excuse, and in carrying her to a distant state under circumstances where she can hardly ever see her own mother; and where she will probably grow to maturity entirely estranged from her mother. In this tender childhood, ordinarily her custody should be with the mother, if her surroundings would be as wholesome as here.

The question has been argued in our cases leading to different results. In Anonymous, 206 Ala. 295, 89 So. 462, where the wife's relations with her husband were such as to justify a separation, the Court held that since the child was a boy four years old, the prior legal right of the father should be respected and enforced since he was qualified in every respect to take proper care of him.

In Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580, this Court was dealing with a situation similar in many respects to that now under consideration. It was thought that two factors were controlling: (1) that the mother was not at serious fault in severing the marital relations, and (2) that a girl child of five years would be better situated in the care of the mother who was suitable to have such care. The husband there, as here, had remarried. See, also, Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Butler v. Butler, 222 Ala. 684, 134 So. 129.

The fault of the father in the instant case in taking the child to a distant state without the consent of the mother for the evident purpose of weaning it entirely away from the mother and of preventing the relation of mother and daughter to be cultivated, and so that the mother could never see her own daughter of tender years, except at great expense and very infrequently, is a grave wrong, and fully balances or outweighs the fault of the mother in respect to a severance of the relation.

We think the evidence shows that the welfare of the child would be subserved as well with the mother as with the father.

We cannot sustain a finding which enables a father to improve his position in this controversy by his ruthless conduct in surreptitiously taking the child away from the state of their residence to one far distant, and by three years of kind treatment claim that it would be detrimental to the child to sever the relation. Though it is difficult to overturn the decree of the judge seeing the parties and hearing them, we are deeply impressed with the idea that the mother should have the custody of her small daughter. But we do not wish to render a decree here making such award, since the details of the transfer of her custody can be better worked out and enforced by the trial court; likewise, some suitable provision for an exchange of visits.

The decree of the circuit court is reversed, and the cause remanded, with instructions to award the custody of the child to appellant, her mother, and make suitable provision for the transfer of such custody and an exchange of visits.

Reversed and remanded, with instructions.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.