18 So.2d 721

**WORTHY v. WORTHY.**

**7 Div. 775.**

Supreme Court of Alabama.

June 29, 1944.

Chas. Thomason, of Anniston, for appellant.

John D. Bibb, of Anniston, for appellee.

THOMAS, Justice.

The suit concerned the custody of two minor children of the age of five years and younger.

On the 7th day of May, 1942, the appellant was divorced from the respondent on the grounds of cruelty. The proceeding was started by the appellee filing a petition in equity, asking for the right to see the children at reasonable intervals and for a reasonable period of time. It is averred that Elizabeth Worthy is now five years of age and the said Jimmie Worthy is now two years of age; that the complainant at that time was living in the City of Denver, Colorado, and that the children were in the custody and control of Mrs. Dillie Ann Sorrell, the great grandmother of the children, in the City of Anniston, Alabama.

By amendment of date of September 11, 1943, it is averred that on the day the petition was filed the appellant and the two minor children were residing in Denver, Colorado.

In answer to the petition appellant averred that Elizabeth N. Worthy was five years of age on April 9, 1943, and James Worthy was three years of age on March 31, 1943; that she obtained a divorce from the said appellee Travis Worthy in the circuit court in equity on May 7, 1942, for and on account of cruelty; that in the said decree she was given the custody of the said minor children; that she is now the wife of Sergeant Robert E. Durrick, who is stationed at Colorado Springs, Colorado; that she and the children have been there with him; that he obtained a furlough and all of them returned to Anniston to visit her people. Appellant further alleges that Sgt. Durrick is a man of good habits, has been awarded a badge by the military authorities for good conduct, that he is economical, that his pay is $78 per month (which has now been raised to $128 per month), and that her husband carries with the Government insurance in the sum of $10,000 which is payable to her, and that she draws $22 per week from renting of rooms; that she and her husband are attached to the above-named children; that her husband takes pleasure in contributing to their support and care, has given personal care and attention to them; that there is no bad language used in the presence of these children; that they are well housed, well fed and well trained. She avers that she is a woman of good moral character, has a deep and tender love for the two children, that they have a like feeling for her, and that the home in which they now reside is congenial and the children are in a good and pleasant environment.

Appellant averred that appellee during their married life contributed very little to her support or to the support of the children; that since she has been divorced from him and while they were living in Anniston,

Alabama, he did not aid the children, did not come to see them and showed little or no concern for their welfare. Appellant averred that before and after the divorce from appellee he treated her badly, frequently abused her, used profanity in her presence and in the presence of the two children, and has on numerous occasions appeared in her presence and in the presence of the children in an intoxicated condition. Appellant further avers that she is a suitable person to have the custody of the children of this marriage, and that appellee is not a suitable person to have their custody, and she further averred that under the present conditions it was to the interest of the two children and to her interest for all of them to be with her present husband; that the climate where he is now located is agreeable to the children and that they have done better there than while they lived in Anniston; that they were better fed, clothed and housed while she was living with her present husband, and that it was to the best interest of the children that they be with her and her present husband while he is now in the service where he is stationed at Will Rogers Field, Oklahoma.

After the decree of September 15, 1943, sitting in equity, the appellant filed her petition asking the court to grant her the privilege of removing the children from the State of Alabama, and in support of said petition the appellant filed two affidavits which are found in the transcript. The reporter will set out the affidavits or the substance thereof.

We have carefully considered the evidence and it supports the appellant's petition.

■ The primary consideration is the interest of the children. In Allen v. Allen, 239 Ala. 116, 194 So. 153, 155 is the observation that a father's natural right is not to be arbitrarily disregarded, that, "The child now is past four years of age, and in McLellan v. McLellan, supra [221 Ala. 363, 129 So. 1], it was observed, in harmony with the statement found in Anonymous, 206 Ala. 295, 89 So. 462, that a child of this age is not peculiarly dependent upon the mother. In Hawkins, v. Hawkins, 219 Ala. 31, 121 So. 92, upon which appellant lays some stress, the child was only eighteen months old, and what is there said must bear relation to this fact."

In Chandler v. Whatley, 238 Ala. 206, 189 So. 751, 754, Mr. Justice Bouldin quotes from 1 Schouler on Domestic Relations, § 744, as follows:

"* * * 'In awarding custody of minors modern courts have often said that the welfare of the child is paramount, but this consideration will not suffice to take children from parents who are decent and responsible, if able to furnish the necessities for their children, although the child's welfare and prospects in life might be bettered thereby, but custody may be taken away from parents manifestly unfit by the State standing in loco parentis in equity.'

"It seems well settled that the natural and legal relations between parent and child are so interwoven with life and liberty that the courts are without power to take the child from the custody of the father and commit it to a stranger or an institution without notice and hearing—due process of law. Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A.L.R. 238, and note, p. 242; 46 C.J. 1251."

■ The law of the case is well understood and need not be further discussed here. The decree of this court can be kept open for the further consideration of the best interest of these children. The foreign court will give due consideration to the requisites as to custody and visitation that are contained in the decree of the Calhoun Circuit Court. Ex parte Allie W. Hale, ante, p. 40, 18 So.2d 713.

■ We hold that the decree should be modified, giving the mother the custody of the two children; that she be permitted to take the children out of the State of Alabama to the domicile of her present husband, within the confines of the United States; that appellee have the right to visit the children at any reasonable time he may desire, and that the right of modification of this decree be duly reserved, so as to be exercised to the best and future interest of said children. That the two parents have married again since their divorce and are respectively producing other children, is undisputed by the evidence.

The decree of the Circuit Court is modified as indicated, and as thus modified is due to be and is hereby affirmed. The costs of appeal of this court and of the Circuit Court are taxed against the appellee.

Modified and affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.