19 So.2d 392

### HAMMAC v. HAMMAC.

#### 3 Div. 412.

Supreme Court of Alabama.

Oct. 11, 1944.

E. W. Pettus, of Selma, Hugh M. Caffey, of Brewton, Geo. O. Miller, Jr., of Livingston, and C. L. Hybart, of Monroeville, for appellant.

H. C. Rankin, of Brewton, for appellee.

LIVINGSTON, Justice.

Roy Hammac, appellant, filed a petition in the Circuit Court of Escambia County, Alabama, in equity, seeking to modify in so far as it fixed the custody of Barbara Lynnette Hammac, the minor daughter of the parties, a decree rendered in that court on November 10, 1941, in a suit for divorce by Edna M. Hammac against appellant.

The appellant and Edna M. Hammac, the appellee, intermarried on April 13, 1935, and lived together as husband and wife until October 27, 1941, except for the interval between August 1939 and July 1940, during which time appellee instituted and dismissed a suit for divorce against appellant.

The decree of November 10, 1941, dissolving the marriage of the parties, was grounded upon the allegation and proof of statutory cruelty. In, and as a part of, the decree, the court ratified and confirmed a prior property settlement between the parties and an agreement relative to the custody of the child. That decree in pertinent part is as follows:

"The property settlement made between the parties and their agreement as to the custody and support of the minor child, Barbara Lynnette Hammac, should be ratified and confirmed. * * *

"It is further ordered, adjudged and decreed that the custody of the child Barbara Lynnette Hammac shall for the time being be left with said Edna M. Hammac with the right of the said Roy Hammac to visit said child and to have said child visit him at such times and upon such conditions as may be agreed upon by the parties, and that if the parties cannot agree as to such visitations then upon such terms and conditions as may be hereafter decreed by the court upon due application made and hearing thereon, and that all questions as

to the ultimate custody of the child are reserved by the court, the court retaining full jurisdiction as to all matters' concerning the future custody, support and maintenance of said child. It is further ordered, adjudged, and decreed that the property settlement made by the defendant to the complainant as set out in the evidence be and it is in lieu of all property rights and of any temporary or permanent alimony to which the complainant is now entitled or may hereafter be entitled for the support of the child Barbara Lynnette Hammac, and that as to the support of said child it is ordered and decreed that the said Roy Hammac provide proper and adequate support for said child in the future in accordance with said child's station in life and with the defendant's ability to pay, and that this court retains jurisdiction to hear and determine the question as to the proper and adequate support for said child upon petition to that end by the complainant or by any other proper person."

The petition now considered prays "that on the hearing of this petition that your honor will modify said decree, so as to award your petitioner the custody, care and control of his said daughter, Barbara Lanett Hammac, with the privilege of her mother visiting her or she visiting her mother at reasonable times."

The petition was submitted to the trial court upon testimony taken ore tenus. The trial court made and entered a decree modifying the decree of November 10, 1941, in the following particulars:

"Upon consideration of the petition and the testimony taken thereon at the aforesaid hearing, I am of the opinion that the said decree of November 10, 1941, should be amended in certain respects. In my judgment it is unwise and not to the best interest of the ward to be dragged from pillar to post throughout the year, but that the right and custody of the respective parents should be fixed definitely.

"It is, therefore, ordered, adjudged and decreed by the court that the mother, Edna Mancil Hammac, have the charge and custody of said minor during nine months of the year, with the exception hereinafter noted, and that the petitioner, Roy Hammac, have the charge and custody of said minor during the months of June, July and August of each year, with the exception hereinafter noted.

"It appearing to the court that the parents have been unable to agree upon convenient times in which the infant daughter shall be permitted to visit the petitioner— it is ordered by the court that the petitioner, Roy Hammac, have the right to take said child into his custody on the first Friday afternoon of each month and retain the same until the following Sunday afternoon, the child being of school age and in the opinion of the court should be in possession of the mother for school during the school year.

"It is further ordered by the court that the mother be allowed to have the charge and custody of said child from Friday afternoon until Sunday afternoon during the second week of June, July, and August, until the further orders of this court."

From this decree the petitioner, father, appealed.

█ The sole question presented is the correctness of the trial court's decree fixing the custody of the six year old daughter of the parties. And in determining the question, the paramount consideration is the welfare and best interest of the child. Anonymous, 55 Ala. 428; Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Butler v. Butler, 222 Ala. 684, 134 So. 129; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18.

The record discloses that since the separation of the parties, the appellant's financial condition has improved; that he now owns and operates a large plantation or farm in Dallas County, Alabama; that he has a large and comfortable home, with surroundings conducive to the health and well-being of his infant daughter; that he has married again—to a woman of unquestioned character, who is ready, willing and able to assist in the care and rearing of the child.

While on the other hand the record discloses that the appellee has acquired and operates a business of her own—a beauty parlor in the city of Andalusia, Alabama; that she lives with her mother, the grandmother of the child whose custody is involved; that the grandmother who has lived with the child practically all of the child's life, is ready, willing and able to assist in the care and rearing of it; that the home is ample and comfortable and located in a splendid residential section of Andalusia, close to schools and churches.

The foregoing are the salient features of the evidence.

114

The record fails to disclose anything which in any manner materially reflects upon the character or integrity of either the appellant or appellee. Indeed, neither party claims that the other is unworthy of the child's custody. But a pertinent inquiry is which party was at fault in terminating the marital relation. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Hawkins v. Hawkins, supra; Gayle v. Gayle, 220 Ala. 400, 125 So. 638.

Where a child is of such tender age as to require the care and attention that a mother is especially fitted to bestow upon it, the mother, rather than the father, is the proper custodian, unless, of course, for some reason she is unfit for the trust. And courts are reluctant to deprive a mother of the custody of an infant daughter, and seldom, if ever, do so, unless misconduct is imputable to her. Goldman v. Hicks, supra. See, also, Stoddard v. Bruner, 217 Ala. 207, 115 So. 252; McLellan v. McLellan, 221 Ala. 363, 129 So. 1; Butler v. Butler, 222 Ala. 684, 134 So. 129; Long v. Long, 239 Ala. 156, 194 So. 190.

We have given careful and attentive consideration to all the evidence in the case, and have reached the conclusion that the decree of the trial court will subserve the welfare and best interest of the child.

Affirmed.

THOMAS, FOSTER, and STAKELY, JJ., concur.