26 So.2d 561

## SNEED v. SNEED.
### 7 Div. 872.

Supreme Court of Alabama.
June 13, 1946.

Roberts, Cunningham & Hawkins, of Gadsden, for appellee.

Beddow & Jones, of Birmingham, for appellant.

STAKELY, Justice.

This is an appeal from a final decree of the equity court denying appellant a divorce and dividing the custody of a three year old boy between the mother (appellant) and the father (appellee). In effect, subject to the further orders of the court, the mother was given custody and control of the child for nine months in each year and the father for three months in each year. The only assignment of error insisted on here relates to the action of the court regarding custody of the child. Appellant insists that she should have received custody of the child for the entire time.

We have considered the evidence with great care. There is no need to set it out in detail. Both parents are of good character and each appears to be so situated as to provide the child with a good home in moral surroundings. We feel satisfied that both parents love the child and each in his or her own particular way want to do for the child in accordance with its welfare.

Oftentimes we have pointed to the need of a child of tender years for motherly care and love. Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392. But the influence of the child's association with a good father should not be minimized. Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18. Since the child is entitled

90

to the love, advice and training of both father and mother, divided custody is not wrong in principle if the best interests of the child are thereby subserved.—27 C.J.S. Divorce, § 308, p. 1169. And the court had the power to render the decree, even though a divorce was denied. Cairnes v. Cairnes, 211 Ala. 342, 100 So. 317; Thomas v. Thomas, 212 Ala. 85, 101 So. 738.

Each case of this kind must be decided on its own peculiar facts and the personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees. And this is so even if the evidence is partly presented by deposition as it was in the present case. Thompson v. Collier, 170 Ala. 469, 54 So. 493.

The father testified that he was planning to move to Mississippi to take a teaching position. Here again we look to the sound discretion of the trial court. The retention of the child within the jurisdiction where the orders of the court can more effectively be enforced may in some cases be desirable. Porter v. Porter, 216 Ala. 169, 112 So. 646. And the requirement of security before the child is removed from the jurisdiction is sometimes wise. 17 Am.Jur. p. 513. The court required neither retention of the child within the jurisdiction of the court nor security in the event of its removal from the jurisdiction of the court. After all, however, the welfare of the child is the paramount consideration and we are satisfied that there are instances when such precautions are not reasonably appropriate or necessary. Butler v. Butler, 83 N.H. 413, 143 A. 471; Gibson v. Gibson, 156 Ark. 30, 245 S.W. 32; 17 Am.Jur. p. 513; 20 A.L.R. p. 838 et seq. The record shows no abuse of the trial court's discretion in this regard.

We consider the decree of the court free from error.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.