64 So.2d 609

### GARDINER v. WILLIS.

### 4 Div. 690.

Supreme Court of Alabama.
April 23, 1953.

J. C. Fleming, Elba, and Wm. W. Flournoy, De Funiak Springs, Fla., for appellant.

Jas. A. Mulkey and E. C. Boswell, Geneva, for appellee.

**MERRILL, Justice.**

This is an appeal from the decree set out above by the reporter, which decree in effect denied the petition of the complainant, Mrs. Gardiner, to amend or modify a decree which awarded the custody of complainant's two minor sons to their father, Mr. Willis, respondent and appellee here.

The petition was filed May 8, 1951, and was heard by the Circuit Court, in Equity, of Geneva County, on July 6, 1951. The decree is dated July 12, 1951. Notice of appeal was given January 10, 1952, and the case was submitted to this Court on March 26, 1953.

The petition of Mrs. Gardiner showed that the Circuit Court of Geneva County granted her a divorce from her husband, Willie Frank Willis, in September 1946 on the ground of cruelty, and she was awarded the custody of their two minor children. She showed further that on a petition to the court the decree was modified on April 10, 1948 awarding the care and custody of the two minor children to the husband and respondent, Mr. Willis. Complainant filed this petition to have that decree modified in that she might be awarded the care, custody and control of the two children.

At the time of the hearing the boys were nine and seven years of age, respectively. They had lived with their father and grandmother from January 1948 up to the time of the hearing. Their grandmother was seventy years of age. Many witnesses testified, including a minister, two of the boy's teachers, a doctor, a sheriff, a postmaster and neighbors of both parties. The testimony of all the witnesses, except ten who testified by deposition, was taken ore tenus before the trial court, and his finding thereon has the weight of a jury verdict and will not be disturbed by this Court unless palpably and plainly wrong, and contrary to the great weight of the evidence. White v. White, 246 Ala. 507, 21 So. 2d 436; Sills v. Sills, 246 Ala. 165, 19 So.2d 521; Ray v. Ray, 245 Ala. 591, 18 So.2d 273.

The controlling consideration in dealing with the custody of minor children is the welfare of the children. Green v. Green, 249 Ala. 150, 30 So.2d 905; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392; Worthy v. Worthy, 246 Ala. 52, 18 So.2d 721.

In determining which parent in a divorce suit is entitled to the custody of the minor children each case must stand on its own peculiar facts. Green v. Green, supra; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561.

We see no good reason to refer to the testimony further than those references contained in the decree, except to note that after the testimony was given in open court, the appellee, through his counsel stated:

"Now if the court please, we say that that is all the testimony that we offer except this, that the two boys involved in his litigation are here in court and have been all day. We realize on account of their age that they probably should not be subjected to rigorous cross examination, but we offer them to the court as the court's witnesses; if the court wishes to examine them."

Wherefore, the court said:

"The court has already talked to them in private and obtained an expression from them, which the court considers is unbiased and unprejudicial.

"Let the record show that the court has talked with the children and that the court is impressed that the children are unusually intelligent and bright, smart boys, and their demeanor is very impressive in the court's conversation with them. I will say this, the children did not show any ill will or prejudice toward their mother or toward their father, and in a very emphatic way stated that they (would) rather stay with their father, and they furthermore

said that they did not have anything against their mother but did not like the idea of staying with a step-father. They didn't express any resentment toward the step-father, but said they (would) rather stay with their father. They expressed their love for their mother and seemed to be very respectful to her, but at the same time they said they did not want to go to Florida."

After the court had made the above statement he proceeded to examine the nine year old boy in open court and his testimony was the same as he had previously given to the court in private. There is no contention that the court committed error in privately examining the two minors here referred to.

We think the decree of the circuit court should be affirmed.

Affirmed.

SIMPSON, STAKELY and GOODWYN, JJ., concur.