109 So.2d 718

Russel F. McBRIDE

v.

Caroline Frasier McBRIDE.

6 Div. 281.

Supreme Court of Alabama.

Feb. 19, 1959.

Holt & Cooper, Birmingham, for appellant.

Parsons, Wheeler & Rose, Edw. L. Rose, Birmingham, for appellee.

STAKELY, Justice.

This is an appeal by Russel F. McBride (appellant) from a decree of the equity court granting the petition of Caroline Frasier McBride (appellee) to modify the final decree of divorce previously rendered by the court on December 6, 1955. In that final decree of divorce custody of the three children was awarded to Russel F. McBride.

Russel F. McBride and Caroline Frasier McBride were married to each other on June 13, 1942. They had three children, a son Russel F. McBride, Jr., and two daughters, Elizabeth Susan McBride and Frasier G. McBride.

In determining which parent in a divorce suit is entitled to the custody of the minor children each case must stand on its own peculiar facts. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609. We have said that one pertinent inquiry in cases involving controversies between parties over the custody of children is which party was at fault in terminating the marriage relation. Piner v. Piner, 255 Ala. 104, 50 So.2d 269. Evidently on this theory a good deal of evidence was introduced by the appellant tending to show that his former wife was at fault in terminating the marriage relation. We do not think that any good purpose would be served at this time in setting out this testimony, showing the indiscretions of the appellee prior to the divorce. It should be conceded that her conduct played a major part in bringing about the dissolution of the marriage but at the same time, we point out that after such conduct the parties continued to live together as man and wife and the appellant was active in procuring the signature of his wife to letters and an answer and waiver, largely on the basis of which he procured the decree of divorce. We further note that on the day after the divorce, appellant and his present wife were married and moved to the State of Florida.

Of course the welfare of the child is the paramount consideration (Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; James v. James, 242 Ala. 140, 5 So.2d 616), and where a party seeks modification of the provisions of the divorce decree for the custody of the child, there must be alleged and shown some change of condition or other substantial reason for modification of the previous decree. White v. White, 247 Ala. 405, 24 So.2d 763; Armstrong v. Green, 260 Ala. 39, 68 So.2d 834; Casey v. Cobb, 266 Ala. 434, 96 So. 2d 753.

Generally where a child is of such tender age as to require the care and attention that the mother is specially fitted to bestow, the mother rather than the father is the proper custodian, unless for some reason she is unfit for the trust. Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392. Tendencies of the evidence show that the two minor daughters, ages 9 and 10, are now living with their natural mother (appellee) in wholesome surroundings, attending school and Sunday School regularly, are active in Girl Scout work and are leading a happy life.

Subsequent to the decree of divorce Caroline McBride commenced a suit against Russel F. McBride in the equity court in which she alleged that the afore-

said divorce decree of December 6, 1955, had been obtained by fraud and sought to set aside that divorce decree. Shortly thereafter an agreement was entered into with Russel McBride in which she admitted that the suit had been brought without merit and this later suit was dismissed. In this agreement Russel McBride agreed for Caroline McBride (appellee) to have Elizabeth Susan McBride so long as she proved herself to be a fit mother. In the late spring of 1956 Caroline McBride wrote to Russel McBride and asked to have the youngest daughter Sis for the coming summer months and promised that if she came, she would send her back for school. This child also still remains with her mother.

The evidence shows that Caroline McBride is now gainfully employed at Blue Cross-Blue Shield at a salary of $180 per month. She has a comfortable home and is very devoted to the two children. While she was unemployed and inexperienced in business and in legal matters prior to the divorce, she is now a woman of 36 years of age and, as stated, is now steadily employed, maintains a good home for the children and has established a good reputation in the neighborhood in which she lives.

 It is quite true that remarriage within itself of a party to a divorce is not such a material change of condition as to justify modification of an original decree awarding custody (White v. White, supra; Alexander v. Davis, 261 Ala. 654, 75 So. 2d 614), but the effect of a remarriage can certainly be shown along with other factors as a circumstance indicating a material change of condition since the divorce. Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18; 43 A.L.R.2d 366 et seq.; 27 C.J.S. Divorce § 317, p. 1192. If the custody of the two children should be awarded to the appellant these two little girls would be in effect largely in the custody of a step-mother and the mother of the step-mother. We think it is obvious that it would be to the best interest of the chil-

dren to be in the custody of their natural mother if she is fit to have that custody.

The evidence was heard orally before the trial judge where he had an opportunity to observe the witnesses while on the stand, noting their demeanor and actions. He concluded from all the evidence that the best interests of the two daughters would be for them to be with their natural mother rather than with the father under the changed conditions. In accordance with the rule which we have often expressed, we are not willing to say that the decree of the court is palpably wrong and, therefore, we will not disturb such decree.

Affirmed.

LAWSON, MERRILL and GOODWYN, JJ., concur.