121 So.2d 870

Floyd A. RAINES

v.

Evalon Hope Raines BAUCOM.

6 Div. 538.

Supreme Court of Alabama.

June 30, 1960.

Walter Cornelius, Birmingham, for appellant.

J. G. Adams, Jr., Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree modifying a former decree of divorce in that the custody of a child, formerly awarded to the father, appellant, was, after a hearing, awarded to the mother, appellee.

Appellant and appellee were married in November, 1954. They had three children, Floyd Andrew II, Paul and Patricia Dianne. They separated in May, 1958, and the appellee filed her bill for divorce. The parties reached an agreement which became a part of the decree. It was agreed that appellant would have the full custody of Floyd Andrew II, then three years old; appellee to have full custody of the two younger children; each party was given reasonable access and visitation rights and appellant agreed to pay $20 per week for the support and maintenance of the two children in appellee's custody.

A few days after the divorce decree was rendered, but before the lapse of sixty days, appellee married her present husband, Garland E. Baucom, in Mississippi, and after the sixty days, they went through another marriage ceremony in Alabama.

Baucom had three children by a previous marriage, ranging in age from three to six years. Appellee has had a child by Baucom.

On October 2, 1959, appellant's parents filed a petition in the Probate Court of Jefferson County, seeking to adopt Floyd Andrew Raines, II. Appellant filed his consent, and it was stated that appellee's consent was not essential in view of her abandonment of the child to appellant. Appellee was served with a copy of the petition and on November 2, 1959, she filed the petition in the instant case to modify the original divorce decree to give her custody of her son. The adoption proceedings in probate court were continued pending the action of the equity court in the matter of modification.

The petition was heard on December 2, 1959, and the original decree was modified by awarding the care, custody and control of the minor child to appellee. Appellant contends that the court erred in so doing.

In Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609, we stated two principles governing cases where a modification of the original decree involving custody was sought. First, the controlling consideration in dealing with the custody of minor children is the welfare of the children. Second, in determining which parent is entitled to the custody of the minor children, each case must stand on its own particular facts. A third principle is that the party seeking a change must allege and

**708**

show some change of conditions or other substantial reason for modification of the previous decree. Casey v. Cobb, 266 Ala. 434, 96 So.2d 753; Armstrong v. Green, 260 Ala. 39, 68 So.2d 834.

Here, some of the changed conditions were: (1) that the father no longer had custody of the child; (2) that he had surrendered the custody to his parents; (3) that the grandparents were seeking the adoption of the child; (4) that both the grandparents worked, and left the child in the care of a maid; (5) that appellant and his parents would not permit appellee to visit the child nor let him visit her; (6) that both appellant and appellee had remarried.

We note that remarriage of the parties is not such a material change of condition as to justify modification of the original decree awarding custody, but the effect of a remarriage can be shown along with other factors as a circumstance indicating a material change of condition since the divorce. McBride v. McBride, 268 Ala. 619, 109 So.2d 718, and cases there cited.

We see no reason to detail the testimony in view of the listing of the changed conditions. The trial court heard the five witnesses for appellee and the eleven witnesses for appellant, and "Upon consideration of the pleadings and proof, the Court is of the opinion that, looking solely to the best interest and welfare of the said minor child," found in favor of appellee.

In accordance with the rule which we have often expressed, we are not willing to say that the decree of the court is palpably wrong and it will not be disturbed. Wilkes v. Wilkes, ante, p. 341, 118 So.2d 906; McBride v. McBride, 268 Ala. 619, 109 So.2d 718; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.