282 So.2d 283

**Robert STUCKEY**

v.

**Johnnie STUCKEY.**

**Civ. 202.**

Court of Civil Appeals of Alabama.

Aug. 29, 1973.

Taylor D. Wilkins, Jr., Bay Minette, for appellant.

Dominick J. Matranga, Mobile, for appellee.

HOLMES, Judge.

The appellee, Mrs. Stuckey, now Mrs. Hellmich, filed below a petition for modification of a prior divorce decree awarding, among other things, custody of the parties' two female minor children to Mr. Stuckey.

The original decree of divorce was rendered on the 12th of April, 1972, and awarded custody of the parties' two minor children to Mr. Stuckey, the appellant here, subject to reasonable visitation rights of the appellee. Thereafter, in October of 1972, Mrs. Stuckey, the appellee here, filed

a petition for modification alleging a change of circumstances since the last decree, and requested relief, i. e., that she be granted custody of the children.

The trial court heard evidence *ore tenus* and rendered its modifying decree on March 21, 1973. The modification in the March decree awarded custody of the minor children to Mrs. Stuckey with liberal and specific visitation granted to Mr. Stuckey.

It is from the decree of modification that this appeal is taken.

Able counsel for appellant has made three assignments of error, all to the effect that the trial court erred in modifying the prior decree because of a failure to prove a material change of circumstances so as to warrant any modification of custody.

■ There is no question, under the law of this state, that a trial court may, in its discretion, modify an original award of custody of minor children on proof of changed circumstances of the parties. Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724; 8 Ala.Dig., Divorce, Key 303(1). Since such power to modify is a matter of discretion, the reviewing court will presume the decree of modification rendered after oral hearing of the testimony to be proper and will only reverse upon a clear showing of abuse of such discretion from the state of the evidence. Donald v. Donald, 50 Ala.App. 9, 276 So.2d 436.

■ Furthermore, the welfare of the child is the paramount consideration in determining the custody in proceedings of this type. McBride v. McBride, 268 Ala. 619, 109 So.2d 718.

We note that the record before us now does not contain any record of testimony in any prior proceeding, although there is contained in the record the original decree of divorce.

■ The tendencies of the evidence reveal that since the divorce decree both parties have remarried; that the appellant resided at the time of trial with his parents and the two minor children; that the children sleep in the same room with their grandparents; and, that the appellant's present wife is pregnant. The evidence also shows that the appellee lives in a mobile home and that the children would have a bedroom of their own. Without further discussion of the evidence, of which there is little, we are unable to say the trial court abused its discretion in determining that there had occurred changed circumstances so as to warrant a modification.

We are particularly mindful that we do not have before us for consideration the testimony in the prior proceeding or what the particular facts were at that time regarding custody, and we cannot know what was in the minds of the parties or of the court. However, we are cognizant of the fact the same learned trial judge presided at both the prior divorce proceeding and in the instant matter.

It should further be pointed out that in a proceeding to modify a decree of divorce respecting custody, each case must rest upon its own facts and circumstances with the principle always in mind that the welfare of the children is of paramount importance. Featherston v. Featherston, 271 Ala. 238, 123 So.2d 120.

■ We further note that while remarriage of parties is not such a material change of condition as to justify modification of an original divorce decree awarding custody of minor children, the effect of such remarriage can be shown along with other factors as a circumstance indicating a material change of condition since divorce. Raines v. Baucom, 270 Ala. 706, 121 So.2d 870.

We have attempted to decide this case on its merits; however, we must point out that it is clear that, in this instance, the trial court considered evidence which is not before this court.

At the outset of the hearing, counsel for appellee requested of the court that an in-

vestigation be made. On page 10 of the record, we find the following:

"MR. MATRANGA: Your Honor, after hearing all of the evidence today, I would request an investigation—

"THE COURT: I will do that."

In the court's final decree the following is noted:

"This cause having been heard on January 10, 1973, on the motion of the complainant, Johnnie Stuckey, now known as Johnnie Hellmich, praying that the custody order as set forth in the Final Decree of April 12, 1972, be modified to provide that custody of the two minor children born to the parties be changed from the Respondent, Robert Stuckey, to the complainant, Johnnie Stuckey, and on testimony taken in open court, the court took the Complainant's motion to modify under submission until such time as an investigation could be made of the homes of the Complainant and the respondent.

"An investigation of the Complainant's home was made by the Welfair [sic] Department of Mobile County, Alabama, who submitted a written report to the Court on matters concerning the home of the Complainant.

"Upon consideration of all the evidence in this case, the Court is of the opinion that a sufficient change in circumstances has occurred since the rendition of the divorce decree of April 12, 1972, to warrant a change in the custody of the two minor children; namely, DENISE STUCKEY, age nine years, and DAPHNE STUCKEY, age five years, from the Respondent, Robert Stuckey, to the Complainant, Johnnie Stuckey, it is, therefore, . . ."

A search of the record reveals that this report is not before this court nor is any such report before this court.

The Alabama Supreme Court, whose decisions we are bound to follow (See Tit. 13, § 111(10), Cumulative Pocket Part to Vol. 4 of the 1958 Recompiled Code of Alabama), has held in Mason v. Mason, 276 Ala. 265, 267, 160 So.2d 881, 882:

"It is a well-established rule that 'we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us.' . . ."

See also Ruck v. Ruck, 265 Ala. 29, 89 So. 2d 274; Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785.

In view of the above, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.