This is an appeal from an order of the Circuit Court of Montgomery County denying a petition to modify a divorce decree by changing custody of the minor children of the parties from the mother to the father.
The parties to this appeal were divorced from each other on August 1, 1974, and by agreement the mother was awarded custody of the children. In September 1974 the father unsuccessfully sought by petition to acquire custody of the children. Again in August 1976 the father filed a petition seeking a change in custody, alleging the mother had remarried, that the mother's home situation created an unhappy environment for the children, that the children were older, and that the children needed to spend more time with their father. After a hearing the circuit court denied the father's petition, holding that there had not been "a substantial change in circumstances sufficient to justify" a change in custody. The court also suggested, but did not order, that both parties, the mother's new husband, and the children seek professional counseling so that they might better cope with the custody arrangement. The father appeals from this decree.
The children in question are two boys, who were thirteen and eleven years of age at the time of the hearing, and a girl, then eight years old. The children testified at the hearing out of the presence of their parents. The little girl said she preferred to live with her father because she does not like her new stepfather, but stated she loves her mother and her father equally. The thirteen year old boy testified that he loves his father more than he loves his mother and that he would be happier living with his father; he said he does not like his stepfather. The eleven year old boy said that he does not love his mother as much as he loves his father, that he does not like his stepfather, and that he likes the area where his father lives; he has fun when he visits his father and life is dull living with his mother.
The children visit the father on alternate weekends and from two weeks to a month during the summer. The father lives in a one-bedroom apartment. When the children *Page 1370 
involved here visit the father, he takes them on excursions, they often cook food on an outdoor grill, and the children are allowed to stay up late to play outside with the many other children in the apartment complex or to watch television. When the children are with their mother they are made to study for school and do chores around the house. The mother is the primary disciplinarian, although the stepfather seems to support her in her effort. The two boys make good grades in their new school and both participate in extracurricular activities offered by the school.
The boys were involved in Little League baseball with their stepfather prior to his marriage to their mother and both children liked the man at that time. The reasons the two boys gave for not liking their stepfather now were that he sometimes disciplines them, he will not let them watch their mother cook, and he watches television a lot. It is not an unfair inference from the record to conclude that the father has taken an active role in developing the children's attitudes toward their mother and new stepfather and where they would like to live.
It is well settled that a divorce decree providing for custody of minor children will not be modified unless there is a showing that the circumstances of the parties and the children have substantially changed so as to justify the modification. Snead v. Snead, 279 Ala. 344, 185 So.2d 135
(1966); Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210, cert. den. 294 Ala. 757, 316 So.2d 214 (1975). The only change in the circumstances of the parties and the children since the divorce and the first petition for change of custody is the mother's move to a different area of the city and her remarriage, and the children's decision that they would rather live with their father than with their mother.
Although the effect of a remarriage can be shown along with other factors as a circumstance indicating a material change of condition since the divorce, the fact of remarriage of a party alone is not such a material change of condition as to justify modification of the original decree awarding custody. Raines v.Baucom, 270 Ala. 706, 121 So.2d 870 (1960). Here the children testified that they did not like their new stepfather and they were happier living with their father than with their mother and her new husband. However, there is no evidence that the stepfather does not love these children, that he mistreats them, or that the children are being harmed either physically or psychologically by living in the same household with the mother's new husband. Nor is it apparent that their welfare and best interests would be substantially enhanced by a change of custody. We cannot say the trial judge, who observed all the parties involved as they testified, abused his discretion by refusing to change custody of the children to the father simply because the mother has remarried.
The other change in circumstances since the divorce is the apparent desire of the children to live with their father rather than their mother. According to their testimony and that of the father, the children wanted to live with their father before their mother remarried; thus, it does not appear that the mother's remarriage was a decisive factor in the children's attitude.
It is true that the preferences of children involved in a divorce with regard to their custody are entitled to much weight. Weems v. Weems, 255 Ala. 210, 50 So.2d 428 (1950);Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975). However, the wishes of the children are not controlling.Patterson v. Patterson, 345 So.2d 1364 (Ala.Civ.App., 1977);Hattrick v. Hattrick, 52 Ala. App. 539, 295 So.2d 260 (1974). The primary consideration in a child custody case is the best interest and welfare of the children involved. Featherston v.Featherston, 271 Ala. 238, 123 So.2d 120 (1960); Stuckey v.Stuckey, 50 Ala. App. 682, 282 So.2d 283 (1973).
The children said they do not like living with their mother. She disciplines them, requires them to study their school lessons, and makes them go to bed at an early hour when they are with her during *Page 1371 
the week. While it is readily understandable that the children have more fun when they visit their father than when living with their mother, this sort of preference, due primarily to the immaturity of the children, is not the sort of preference to which a trial court is required to give great weight. Furthermore, were the children to go to live with their father, they would still have to assume their responsibilities of school attendance and study and household work. Thus, not only is there no evidence that the welfare of these children is adversely affected by their living with their mother, it does not appear that they would benefit by a change of custody to their father. We find no abuse of discretion in the trial court's decision.
The father maintains in brief that the trial court's suggestion that the parents, the stepfather and the children all seek counseling amounts to a recognition that the children are unhappy in the custody of their mother but rather than change custody to remedy the situation the court has told the children "to get counseling so you will like it." It appears that the normal difficulty the children are having in adjusting to the presence of a new stepfather in the household is exacerbated by the attitude of the natural father. Thus, the counseling is as much for the benefit of the adults involved as for the children. The trial court having committed no error, its judgment is affirmed.
Appellee has moved this court to award her attorney a reasonable fee for representing her in this matter. After careful consideration we consider $300 to be a reasonable fee for the services rendered by appellee's attorney and so award that amount to her.
AFFIRMED; ATTORNEY'S FEE AWARDED.
WRIGHT, P.J., and HOLMES, J., concur.