WRIGHT, Presiding Judge.
The mother brings this appeal from a modification of the visitation and custodial provisions of a prior divorce decree. We affirm in part and reverse in part.
The parties were divorced in 1976 with the mother receiving custody of their son. The father was granted visitation rights and temporary custody the second and fourth weekends of each month and on numerous holidays. He was required to pay $125 per month child support and $131.80 per month for five years as part of the property settlement representing the mother’s interest in their house in Huntsville.
On May 20, 1977, the father filed a petition for modification seeking primary custody of the child or in the alternative a modification of the decree to the extent necessary to preserve the father-son relationship. Testimony was heard ore tenus.
On May 14, 1977, the mother married her present husband, Jerry Clarke and moved to Lithonia, Georgia, which is about twenty miles from Atlanta and two hundred ten miles from Huntsville. The move was made because the mother’s new husband had accepted a promotion with his company.
The child had been enrolled in a preschool program in Huntsville before the change of residence. It was there discovered that he had a learning problem. A developmental psychologist testified this problem was caused by either minimal brain dysfunction or parental conflict. He stated that it was essential that the child have a “lot of firm structure.”
Prior to the move the father visited his son frequently and testified that they were very close. The child’s teacher testified that the child spoke of his father often and they attended school functions together. Since the move the father has continued to visit regularly on alternate weekends, having missed only two scheduled visitations. He customarily drives from Huntsville to Lithonia, picks up the child and flies with him from Atlanta to Huntsville. At the end of the visitation period he flies back to Atlanta, returns him to his mother, and drives back to Huntsville. The round trip airline tickets from Atlanta to Huntsville cost $87.00 for the father and $54.00 for the child. If the child flies alone it would cost $80.00.
The trial court entered an order providing that the mother have the duty of providing transport for the child to the father’s home in Huntsville and back on the second weekend of each month at her expense. It also expanded the time of the father’s summer visitation and temporary custody to the period from two days after school closes until seven days before reopening. The mother was granted the same weekend visitation rights during the summer as the father has during the rest of the year. The mother filed timely notice of appeal.
The mother contends that the grounds shown are insufficient to justify modification of the divorce decree. To authorize a modification of a decree regarding custody, a change in circumstances since the original decree must be shown. Wilson v. Wilson, 53 Ala.App. 201, 298 So.2d 622 (1973), cert. denied, 292 Ala. 761, 298 So.2d 627 (1974). Here, there has been the remarriage of the custodial parent and a change in residence to a different state. In addition, there is the discovery of the child’s learning problem and his stated need for firm structure in his relationships. The effect of a remarriage can be shown with other factors as a circumstance indicating a material change in conditions. Stuckey v. *186 Stuckey, 50 Ala.App. 682, 282 So.2d 283 (1973); Randolph v. Randolph, 45 Ala.App. 326, 229 So.2d 923 (1970). Each case must rest upon its own facts and circumstances, with the principle always in mind that the welfare of the child is of paramount importance. Rowe v. Rowe, 45 Ala.App. 367, 231 So.2d 144 (1970). It appears that circumstances material to the welfare of the child have changed or facts made known for the first time which sufficiently support consideration of modification.
It is contended that the trial court abused its discretion in requiring the mother to provide transportation for the child for visitations on the second weekend of each month. It is not questioned that a court has the power to order such an apportionment of transportation costs. In Wheeler v. Wheeler, 249 Ala. 119, 29 So.2d 881 (1947), the mother, residing in North Carolina, was required to pay the costs of transporting the child at the beginning and end of the father’s summer custodial period. The mother in the instant case suggests that she is financially unable to bear this burden as she only receives $125 per month child support and $131.80 per month from a property settlement and the father makes $17,500 per year.
In view of the income of the husband and the limited amount of support he pays, it appears that requiring the use of over 60% of such payment for transportation is unfair to the mother, the child and the new husband. The mother has no income. The use of a part of her property settlement is unfair and to this court would amount to a payment of support by the mother. We therefore find that such requirement under the facts of this ease constitutes an abuse of discretion.
The mother contends that the expansion of the father’s summer custodial period constitutes an abuse of discretion. Alabama courts have approved such divisions of custody (Kilgore v. Kilgore, 54 Ala.App. 336, 308 So.2d 249 (1975)), and in particular have approved the granting of custody to one parent for the entire summer. Davis v. Davis, 255 Ala. 592, 52 So.2d 387 (1951); Wheeler v. Wheeler, supra; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561 (1946). In view of this child’s need for stable, structured relationships and the particularly strong father-son relationship here, it cannot be said that such division of custody is an abuse of discretion.
Appellant’s request for attorney fee is denied.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.