This is a child custody modification case.
Bobbie Dale Vaughn and Kenneth D. Vaughn were divorced in 1974. The parties had one minor child, Kevin Andrew *Page 156 
Vaughn, who was seven years old at the time of the divorce. Custody of Kevin was given to the mother with the father being allowed substantial visitation rights.
Both parties continued to reside in Jefferson County, and as a result the father was able to visit his child weekly. The mother has subsequently moved with the child to New Orleans, Louisiana. Because of this move, the parties agreed to a change in the father's visitation. The father was allowed to visit his son for six weeks in the summer and at Christmas.
In July 1981 Kevin came to visit his father, who is now remarried and lives in Lineville, Alabama. While visiting, Kevin told his father that he wanted the father to have custody of him. The father told Kevin to give the matter further consideration before making a final decision. In August Kevin again asked his father to file a petition to have custody changed. As a result of his son's wishes, the father filed a petition for modification. Kevin continued to reside with his father and started going to school in Lineville.
The court held a hearing on October 15, 1981. On November 30, 1981 the trial court entered its decree denying the petition to modify and granting the mother's request for increased child support. The father was ordered to deliver Kevin to the mother at the end of the school semester.
In December 1981 the mother filed a petition for a writ of habeas corpus alleging that the child was being wrongfully withheld from her custody. The child, Kevin, filed a motion to intervene in the proceeding. His motion was denied. The court again ordered that Kevin be delivered into his mother's custody. Both Kevin and his father filed motions for a new trial.
The court denied these new trial motions on February 10, 1982. The father has appealed to this court. Subsequent to this appeal, the trial court held an in camera interview with Kevin. As a result of this interview the court entered an order nuncpro tunc allowing the child to remain with his father until the end of the school term.
The only issue presented on appeal is whether the trial court erred in refusing to modify custody. We find no error and affirm the judgment.
The evidence adduced at trial shows that the father is employed as a vice-president and cashier of a bank in Lineville, Alabama. He is remarried and has a six month old daughter. The evidence shows that he is a loving father who provides a good home for his family. The family attends church regularly, and the father is very active in the community.
The father has always shown a great interest in his son. He has visited Kevin regularly and has kept himself informed of Kevin's progress in school. It is also apparent that the father tries to spend as much time as possible with his son.
Testimony was also given by several members of the community. They all testified to the excellent relationship between Kevin and his father. They also testified as to the high quality of the home.
Kevin testified that his mother worked long hours in New Orleans. In New Orleans Kevin attends a private boys' school. He stated that he was often home alone and at times was lonely. While with his father in Lineville, he played football and was very active at school and church. He felt that he would be much happier with his father. He also stated that he had thought about the matter carefully.
The mother admitted that she worked long hours. It is evident, however, that she too loves Kevin and tries to spend a great deal of time with him. She stated that she felt that Kevin would get a better education at the school in New Orleans. She provides Kevin with a very good home.
The modification of a child custody decree is vested in the sound discretion of the trial court. The party seeking modification has the burden of showing a material change in circumstances which will warrant modification. In these cases the judgment of the trial court is presumed correct and will not be reversed absent a showing of an abuse of discretion.Jenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App. 1981). *Page 157 
The father argues that there has been a change in circumstances based on the fact that the father has remarried, that the mother has moved to New Orleans, and of most importance, that Kevin wants to live with his father. Although these are all factors which can be considered in a child custody modification proceeding, none of these factors is dispositive.
The preference of a child in a custody dispute is entitled to considerable weight, but it is not controlling. The primary consideration of the trial court is the best interest and welfare of the child. Rogers v. Rogers, 345 So.2d 1368
(Ala.Civ.App. 1977). In the present case it is clear that Kevin would prefer to live with his father, but the trial court concluded that Kevin's best interests would be served by his custody remaining with the mother.
Both parties are able to provide Kevin a good home. It is also clear that the father feels that he is now able to provide Kevin a better home than the mother. All of these facts were matters to be considered by the trial court. It is apparent from the decree that the trial court did consider all of the facts. It heard the testimony, viewed the witnesses as they were testifying, and concluded that Kevin's best interests would be served by remaining with his mother. Consequently, we cannot say that the trial court erred in refusing to modify custody. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.