BRADLEY, Judge.
This is a child custody modification case.
The parties to this proceeding were divorced in March 1980 and, by agreement, the primary custody of the two minor children of the parties was awarded to the father. On May 12,1980 the mother sought to modify the custody arrangement by having the custody of the children awarded to her. This effort failed. The mother again sought custody by modification petition filed on January 22, 1982. After a hearing the court denied her request for custody. She appeals.
The pertinent facts show that the two children, ages five and three, reside with their father and have so resided since 1980. The children are enrolled in a Kinder-Care Learning Center. It appears that the children are well cared for and love their father and are loved by their father. The father farms, and when he is working and the children are not in school, they are cared for by his mother and sister. The oldest child, a boy, attends speech therapy classes. His progress has been steady.
The evidence shows that the mother has suffered from emotional problems in the past and, although she is much better, apparently still continues to be so afflicted.
In Jenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App.1981), we said:
*868 “The question of modification of a child custody decree is vested in the sound discretion of the trial court. Rogers v. Rogers, 345 So.2d 1368 (Ala.Civ.App.1977). The party seeking modification has the burden of showing a material change in circumstances which will warrant modification. Cheatham v. Cheatham, 344 So.2d 525 (Ala.Civ.App.1977); 8 Ala. Digest, Divorce, Key Nos. 303(2)-(6). As in all cases where the trial court has heard evidence ore tenus, its judgment is presumed correct and will not be disturbed unless so unsupported by or contrary to the evidence as to amount to an abuse of discretion. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979).”
The record reflects that the trial court heard several witnesses, including the father and mother, and concluded that the children’s best interests would be served by leaving their primary custody in the father. The record evidence supports such a conclusion.
Although the court did not change the primary custody of the children from the father to the mother, it did give the mother liberal visitation rights.
As noted above, the person seeking a modification of a child custody decree has the burden of showing a material change in circumstances that would be in the best interests of the children. At most, the mother showed that she had gained more emotional stability and that she had a job and was working regularly. Granted such an improvement in plaintiff’s behavior is good; yet such a change in her circumstances does not require a change in the children’s custody. The evidence was substantial that the children’s best interests would be served by having their primary custody remain with the father. We, therefore, conclude that the mother has failed to sustain the burden of proof cast upon her. Hence, the trial court’s judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.