BRADLEY, Judge.
This is a child custody case.
Roger Dale Simmons and Cynthia Lee Simmons were divorced on October 26, 1981. The couple had one child during their marriage, a boy named Bradley Paul Simmons. In the original divorce decree the court adopted the parties’ agreement wherein they agreed that the wife should have custody of their son.
On April 24, 1984 the father filed a petition to modify the custody decree for the purpose of gaining custody of the child, who was then four years old. The father, a member of the United States Air Force, alleged that his wife’s desperate financial condition had left her unable to adequately care for their child. The- father argued that this constituted a change in circumstances surrounding the mother’s custody and affected the best interests of the child. The circuit court subsequently modified the custody decree and granted custody to the father on October 23, 1984.
The mother appealed the circuit court's order modifying the custody decree to this court, and we affirmed the circuit court’s judgment. Simmons v. Simmons, 479 So. 2d 1251 (Ala.Civ.App.1985). In the prior Simmons opinion we affirmed the lower court because it found the wife’s desperate financial position made it impossible for her to adequately care for the child. Additionally, as our prior opinion points out, the child had lived with the mother for only five months during the three year period in which he had been in her custody. The child spent the remainder of this time in the care of his maternal grandmother.
On August 19, 1985 the mother filed a petition requesting yet another modification of the divorce decree and a petition for pendente lite relief. The mother’s petitions were premised upon the fact that the father had been transferred to Turkey for a period of two years and planned to take the boy with him. A pendente lite hearing was held on August 29, 1985, during which the mother’s request for pendente lite relief was denied.
On March 28, 1986 the mother filed a petition to show cause, alleging the father was in contempt of court by removing the child to Turkey and thereby defeating her visitation rights under the original court decree. A hearing was held on the mother’s petition to show cause and petition to modify on March 31, 1986. After that hearing the circuit court issued an order requiring the father to provide written proof of his plans to move the child to Alabama or some other similarly safe location prior to June 15, 1986.
The father failed to comply with this order, and the mother subsequently requested that the trial court restore custody of the child to her. On July 2, 1986 the circuit court issued an order directing the father to return custody of the child to the mother. From this order the father appeals and contends that the trial court abused its discretion by restoring custody in the mother.
At the outset we note that to justify a modification of a divorce decree regarding custody a change in circumstances since the most recent decree must be shown to exist. Fitzgerald v. Fitzgerald, 356 So. 2d 184 (Ala.Civ.App.1978). In addition, each child custody case must rest upon its own facts and circumstances, and the best interests of the child are of paramount importance in determining the outcome of each case. Stuckey v. Stuckey, 50 Ala. App. 682, 282 So. 2d 283 (Ala.Civ.App.1973). Additionally, our supreme court has held that in cases in which one parent has *941 either voluntarily forfeited custody or custody has been removed from the custodial parent and placed in a nonparent or in the other parent, the previous custodial parent will not be allowed to reclaim custody unless he or she can prove that another change in custody will materially benefit the child. Wood v. Wood, 333 So. 2d 826 (Ala.Civ.App.1976).
In the present case the mother argues the trial judge correctly ruled that a change in circumstances had occurred and that the boy’s interests would best be served by transferring custody to her. The mother’s argument is premised upon the fact that her former husband has received a military transfer to Turkey and plans to take their son with him, as well as the fact that her financial condition has improved.
This court has held that the mere fact that a custodial parent has changed his or her residence does not in and of itself justify a change in custody. Patchett v. Patchett, 469 So. 2d 642 (Ala.Civ.App.1985). This rule has been held to apply even where the relocation is outside of the United States. McRight v. McRight, 444 So. 2d 869 (Ala.Civ.App.1984). The main thrust of the mother’s evidence was that the recent conflict between the United States and Libya and the current state of Middle Eastern terrorism made it unsafe for the child to live in Turkey. Indeed, the primary factor in the trial court’s decision to change custody from the father to the mother was its concern over the child’s safety while in Turkey.
The record, however, discloses no evidence tending to indicate that either the child or his family have been subjected to any terrorist activity in Turkey. Furthermore, the record does not disclose evidence of any terrorist activity in the part of Turkey in which the child’s father is stationed, namely Izmir, Turkey. Furthermore, the record fails to divulge any evidence from which the trier of fact could infer that Americans in Izmir, Turkey are being singled out as the victims of terrorist activity.
In light of the fact that the mother failed to introduce sufficient evidence of actual harm which could occur to the child because of terrorist activity in Turkey, we believe she failed to prove that the child’s safety is a factor which outweighs the disruptive effect of a change in custody.
The mother also contends that her improved financial condition constitutes changed circumstances which would benefit the child. Our cases have held that, while a noncustodial parent’s improved financial condition is a factor to be considered in custody modification cases, it is not a controlling factor in itself. Abel v. Hadder, 404 So. 2d 64 (Ala.Civ.App.1981). Additionally, notwithstanding the mother’s improved financial condition, the record discloses that the father is still more financially able to care for the child.
In light of the testimony at trial, we do not agree that the mother met her burden of proving that yet another change in custody will materially benefit the child. Wood v. Wood, supra. Furthermore, in light of the fact that the child has lived with the father for the last two years, we believe that to now return custody to the mother would be more disruptive than beneficial. For this reason, we hold that the trial judge’s decision was unsupported by sufficient evidence that another change in custody would materially benefit the child as required by Wood v. Wood, supra. The trial judge’s decision was therefore arbitrary and constituted an abuse of discretion. That judgment is therefore reversed and set aside, and this case is remanded for entry of judgment in accordance with this opinion.
In their briefs both parties asked for attorney’s fees in connection with the prosecution of this appeal. Both parties’ requests for attorney’s fees are denied.
REVEKSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.