THIGPEN, Judge,
concurring in result only.
I concur in the result reached by the majority; however, I do so by applying the legal analysis I believe to be more consistent with existing law regarding child custody.
The record discloses, and it is undisputed by the parties, that there has never been a custody adjudication in this ease. The father’s June 1992 petition for custody was the first time a court had been asked to determine custody between these parents. As such, there is no judgment to modify, wherein the standard espoused by our Supreme Court in McLendon, supra, would be applicable. Poe v. Capps, 599 So.2d 623 (Ala.Civ.App.1992); Scott v. Scott, 563 So.2d 1044 (Ala.Civ.App.1990). The law is clear that in an initial custody determination between parents, the parents stand on equal footing and the “best interests” standard applies. Ex parte Couch, 521 So.2d 987 (Ala.1988); Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986).
Had there been a prior custody adjudication, the trial court would have been restricted to only considering evidence since the prior decree to determine whether a change in circumstances had occurred. Woodham v. Woodham, 539 So.2d 293 (Ala.Civ.App.1988); Simmons v. Simmons, 507 So.2d 939 (Ala.Civ.App.1986); see also Smith v. Smith, 334 So.2d 915 (Ala.Civ.App.1976); Wood v. Wood, 333 So.2d 826 (Ala.Civ.App.1976). No such restriction applied in the instant case, and the trial court was free to consider all evidence, even evidence related to matters preceding the divorce decree, to determine what was in this child’s best interests. In determining what are the best interests of a child, one appropriate consideration is the “ties of affection” between a child and its custodian. Dale v. Dale, 54 Ala.App. 505, 310 So.2d 225 (Ala.Civ.App.1975).
There is evidence in the record indicating that until the father assumed physical custody, this child had not experienced the stability and security of a traditional home situation since her birth. The record discloses that during the time between the parents’ separation and the father’s petition for custody, this child experienced almost a nomadic *246 lifestyle. Since the divorce, the child has resided sporadically in three different states, among the mother, the father, and the mother’s sister.
The record intimates that the father had physical custody of the child, if not by informal agreement between the parties, at least without the mother’s objection. I find no authority giving an informal agreement regarding custody between parents the same status as a judicial determination, thereby giving rise to the requirement of a legal modification. To the contrary, this court has held that when considering custody modifications, “[vjoluntary agreements, between divorced parents, without the ‘blessing’ of a court order are a legal nullity.” Garrison v. Garrison, 557 So.2d 1277, 1279 (Ala.Civ.App.1990). Prior appellate decisions have refused to discourage informal agreements between divorced parents attempting to work together for the best interests of the children. See Couch, supra; Garrison, supra. A fortiori, it appears to me that informal custody agreements between divorced parents do not affect the legal status of either party in a later custody proceeding. See ergo, Ashbee v. Cozart, 611 So.2d 1103 (Ala.Civ.App.1992).
It appears from the record that, contrary to the mother, the father has placed the needs of this child above his own career and educational desires, and that the father has adjusted his lifestyle accordingly. The father’s physical custody of this child has provided the only real home this child has known. The father testified to the availability of a supportive, extended family for the child. The evidence is clear that the father is willing and desires to continue to provide this child with a stable, secure, and nurturing environment.
It appears to me that the trial court misapplied the law to the facts in the instant case. Careful consideration of the evidence in the instant case indicates that the best interests of this child would be served by placing custody of this child with the father. Therefore, although I concur with the result reached by the majority, I do so because I believe the best interests of this child would be served by placing her custody with the father.