298 So.2d 622

**Leonard Ray WILSON, Sr.**

v.

**Peggy Dickerson WILSON (York).**

**Civ. 173.**

Court of Civil Appeals of Alabama.

Dec. 12, 1973.

Rehearing Denied Jan. 9, 1974.

See also, 194, 298 So.2d 616.

202

Hubert L. Taylor, Gadsden, for appellant.

Corretti, Newsom, Rogers & May, Birmingham, for appellee.

BRADLEY, Judge.

This is an appeal from a decree of the Walker County Circuit Court, in Equity, granting and denying relief as requested by the parties in their respective petitions to modify a final decree of divorce.

The appellant, in his petition for modification of the divorce decree, requested that custody of a minor child of the marriage, Leonard Ray Wilson, Jr., now be vested in

him on the grounds that the appellee was neglecting the child, mistreating it, and also attempting to alienate the child's affections for him. Further, it was stated that appellant had just discovered that his former wife had engaged in adulterous conduct prior to their divorce. It was also requested that the appellee be required to petition the Probate Court of Shelby County, Alabama for rescission of its order changing the name of the minor child in question from Leonard Ray Wilson, Jr. to Ray Frank York.

The appellee cross-petitioned for a modification of the same divorce decree and requested that the amount of child support be increased and that she be awarded attorney's fees. In support of her request for an increase in child support, the appellee pointed out that the divorce decree, which affirmed an agreement between the parties, awarded $50 per month for the child, Leonard Ray Wilson, Jr., and $50 per month for the unborn child. The pregnancy resulted in twins being born, and appellee asked for an increase in support payments for the additional child. She also sought additional support money due to increase in the cost of living.

The trial court's decree awarded $165 for child support, denied the request for change of custody, denied the request that appellee be required to initiate proceedings to rescind the order of the Shelby County Probate Court's changing the name of Leonard Ray Wilson, Jr. to Ray Frank York, and denied the request for an award of attorney's fee to appellee. From said decree an appeal has been perfected to this court.

■ The appellee in this cause has filed a motion to strike from the record an amendment to the petition filed by the appellant in the trial court. We believe that the motion is due to be granted. The transcript shows that the appellant filed that amendment in open court and that the appellee requested a continuance pending that motion. The trial judge said that it would

be some time before the motion for the continuance could be heard. The attorney for appellant then made the following statement:

"MR. HARDWICK: Well, your Honor, insofar as this petition is concerned, I have it, and I have presented it to the Court as an aid, and I am willing at this time to withdraw the amendment that I have presented to the Court, and we will proceed accordingly as intended. I thought that this would be some assistance to Mr. Corretti and the Judge, but if it will cause problems, we won't file it, and we would like to proceed."

We believe that this statement constitutes a withdrawel of the proposed amendment and it is due to be stricken from the record.

■ Appellant filed nineteen assignments of error, only nine of which were argued. Those assignments not argued are deemed waived. Supreme Court Rule 9.

In assignment of error two, appellant contends that the decree of the trial court filed on January 9, 1973 is not final but is still *in fieri*. He argues that the language used in the first part of the decree to the effect, ". . . that . . . relief should be granted in part and denied in part in both petitions . . ." indicates that something remains to be done since he did not receive any relief in response to his petition for modification.

■ A decree *in fieri* will not support an appeal. But, the test of the finality of a decree which will support an appeal is not whether the cause is *in fieri*, but whether the decree rendered ascertains and declares the rights of the parties. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939. It has also been held that a decree which declares the rights of the parties and settles the equities is final even though further proceedings by the court are envisioned so as to effectuate the decree. Newton v. Ware, 271 Ala. 444, 124 So.2d 664.

In the instant case, we believe that the rights and equities of the parties have been adjudicated. Custody of the children was denied to the father and left with the mother; support for the children was increased as requested by the mother and opposed by the father; attorney fees as requested by appellee and opposed by appellant were refused; and request by appellant to have the order of Shelby County Probate Court changing the name of the oldest son set aside was denied. As we view the request for relief as set out in the respective pleadings, nothing remains to be done by the trial court as regards the rights and equities of the parties; consequently the decree is final and supportive of the appeal taken.

In assignments of error three, four and five, appellant contends that the trial court erred in refusing to award custody of Leonard Ray Wilson, Jr. to him and in assignments of error seven, eight and nine, the contention is that the trial court erred in requiring him to pay increased child support. Both contentions are based on the lack of sufficient evidence to support the trial court's decree.

The testimony was taken orally before the court sitting without a jury, and it was conflicting. For example, there was testimony by appellant that the appellee had engaged in adulterous conduct prior to the divorce and he had just learned about it. The appellee denied ever having engaged in such conduct. The appellant and his mother testified that Leonard Ray Wilson, Jr. was dirty and ill-cared for, and had been mistreated by appellee and her new husband. Appellee denied that she or her husband had mistreated the child and she testified that the child was kept clean, provided with suitable clothes, dental and medical care and toys. Several witnesses confirmed that the child was clean, well-dressed, well-behaved and appeared to love its mother. These same witnesses stated that appellee appeared to be a loving and concerned mother.

There was evidence that the appellant had agreed in the divorce proceeding to pay $50 per month for Leonard Ray Wilson, Jr. and $50 per month for the unborn child. Instead of one child, there were two children born as a result of appellee's pregnancy. There was testimony from appellee and several of her witnesses that the cost of living had increased about twenty-five percent. The testimony from appellant and several of his witnesses was to the effect that the cost of living had increased anywhere from three to ten percent. There was evidence that appellant's income was about $1,000 per month and that his assets were in the neighborhood of $30,000 to $40,000. He was not married and lived alone. He did not have a regular job. Appellee was married, her husband worked and earned $3.50 per hour. Appellee was employed and earned $625 per month. She employed a maid to keep her house and care for the children and paid the maid $55 per week.

To authorize an equity court to modify a final divorce decree so as to alter the custody arrangements, the petitioner must show a change in the circumstances since that final decree. McBride v. McBride, 268 Ala. 619, 109 So.2d 718. Furthermore, where the evidence is heard ore tenus in a child custody case, the findings and conclusions of the trial court will not be changed unless they are deemed to be plainly and palpably wrong. Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906.

As stated before, the evidence was in sharp conflict and it was the duty of the trial court to resolve the conflicts and decide the matter and when it does so, unless it is plainly and palpably wrong, we have no authority to change its decree. And, in this instance, we are not so persuaded.

The same rules apply when examining a chancellor's decree for error in the award of increased child support, i. e., child support or an increase thereof will not be awarded unless there are changed

circumstances warranting it. The evidence relating to the request for more support money for the children in question was in sharp conflict and was resolved by the court when it awarded more child support. After careful examination of the facts relating to this aspect of the case, we cannot say that the trial court abused its discretion by requiring appellant to increase the amount of support given to his children.

In assignment of error six, appellant says that the trial court erred in not requiring appellee to initiate proceedings to have rescinded the order of the Shelby County Probate Court changing the name of Leonard Ray Wilson, Jr. to Ray Frank York. The above allegation and request for relief was set out in appellant's petition for modification of the divorce decree wherein he sought custody of the child, Leonard Ray Wilson, Jr.

 The context in which this allegation appears in the petition for modification persuades the court that the relief requested pertaining to the name change amounts to no more than a collateral attack on the order of the Shelby County Probate Court. Judgments or decrees of a probate court are not subject to collateral attack. Foxworth v. White, 72 Ala. 224; Edmondson et al. v. Jones, 204 Ala. 133, 85 So. 799. Such decrees, judgments or orders can be set aside only after a direct attack in a proper proceeding and in the applicable forum. Edmondson et al. v. Jones, *supra.*

Assignment of error fourteen is based on the contention that the trial court erred in refusing to allow a newspaper clipping to be admitted into evidence. The newspaper clipping was an announcement of the approaching marriage of the parties to this proceeding by the grandparents of appellee. Appellant argued that the purpose in attempting to admit the newspaper article was to show that appellee was not a fit and proper person to have custody of the child in question.

As has been stated many times by the appellate courts of this state, the only issue before the trial court on a petition to modify a divorce decree to change the custody of a minor child is whether or not there has been a sufficient change in circumstances since the final decree so as to warrant such relief. Parker v. Parker, 269 Ala. 299, 112 So.2d 467.

The newspaper clipping attempted to be placed into evidence related to an event that occurred prior to the marriage of the parties and obviously prior to the final decree of divorce. The remoteness in time of this event as it related to the issue before the trial court, i. e., changed conditions relating to custody since the final decree, would be of major concern as to its admissibility and we cannot say that the court erred in refusing to so admit it on that basis.

No reversible error having been argued, this case is affirmed.

Motion to strike granted.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.