**In re CHARLES L. ROLISON & SONS, INC., Debtor.**

**In re Charles L. ROLISON, Sr. and Doris J. Rolison, His Wife, Debtors.**

**John J. SCANLIN and Helen M. Scanlin, His Wife, Plaintiffs,**

**v.**

**CHARLES L. ROLISON & SONS, INC. and Charles L. Rolison and Anthony Barone, Trustee, Defendants.**

**Bankruptcy Nos. 81–00856K, 81–00857K. Adv. No. 82–3058K.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 15, 1983.

Samuel J. Trueblood, Norristown, Pa., for plaintiffs.

Anthony Barone, Philadelphia, Pa., trustee/defendant.

Edward J. DiDonato, Philadelphia, Pa., for trustee.

Marvin Krasny, Philadelphia, Pa., for debtors.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on the complaint of John and Helen Scanlin seeking relief from the automatic stay imposed by § 362 of the Bankruptcy Code. The Trustee, Anthony Barone, opposed the complaint and trial was scheduled for December 15, 1982. The trial, however, was cancelled. A stipulation of facts was filed and the case was submitted for decision on the legal issues as set forth in the briefs of counsel. After review of the record, the Court will enter an Order granting relief from the stay.[1]

The facts of the case are set forth in the stipulation as follows:

1. At all times relevant hereto plaintiffs were owners of a commercial office property located at Oxford Valley Road, Falls Township, Langhorne, Bucks County, Pennsylvania (the "Office Premises").

2. Under a written lease agreement dated February 28, 1973, as amended May 10, 1973, plaintiffs leased the Office Premises to Charles L. Rolinson & Sons, Inc. and/or Charles L. Rolison, debtors/defendants herein, for a term of fifteen (15) years commencing September 1, 1973 at an annual rental of $9,500 plus reimbursement to plaintiffs of real estate taxes assessed against the premises.

3. Debtors/Defendants were in possession of the Office Premises under the Lease from September 1, 1973 until on or about March 5, 1981.

4. On April 10, 1979, plaintiffs caused to be entered with the Prothonotary of Bucks County Judgments by Confession under Nos. 79–3872 and 79–3873, subsequently consolidated as No. 79–3872–12–

6, for damages claimed in the amount of $105,993.65 and for possession.

5. In order to retain possession, the debtors were required by Order of the Honorable George T. Kelton, Jr., dated April 25, 1979, to post security in the amount of $15,000 with the Prothonotary of Bucks County as a condition for a stay of execution, which sum was posted May 5, 1979.

6. At the time of the posting of the fund herein at issue, May 2, 1979, debtors/defendants were in arrears under the lease in the amount of $9,500 due September 1, 1978 and unpaid real estate taxes totaling $5,946.33, for a total past due obligation of $15,446.33.

7. Thereafter, debtors/defendants failed to pay annual rentals of $9,500 due on September 1, 1979, and again on September 1, 1980, and failed to pay real estate taxes of approximately $3,000 per year, for a total additional obligation of approximately $25,000 from the time of the posting of $15,000 with the Prothonotary on May 2, 1979 through the filing of the Petitions in Bankruptcy herein on March 10, 1981.

8. The balance of the fund held by the Prothonotary of Bucks County was $14,-773.87 as of September 30, 1982.

The issue before the Court is whether the plaintiffs are entitled to relief from the automatic stay to commence appropriate action in the Court of Common Pleas to recover the funds held by the Prothonotary. The Trustee argued that the funds are property of the estate and that the money should be turned over to the Trustee. See, 11 U.S.C. §§ 541 and 543. The Trustee requests the Court to enter an order directing the Prothonotary to turnover these funds to the Trustee forthwith.

■ The Court agrees that these funds are property of the estate. The Bankruptcy Code provides that all legal and equitable interests of the debtor are property of the

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

estate. 11 U.S.C. § 541(a)(1). In a similar case, we have held that an escrow account established to protect a creditor, becomes property of the estate upon the filing of a petition under Title 11. *In re Heckler Land Development Co.,* 15 B.R. 856 (Bkrtcy.E.D. Pa.1981). We also agree that, absent a complaint for relief from the stay, the funds should be turned over to the trustee pursuant to § 543 of the Code.

The Court does not agree, however, that this particular fund should be turned over to the Trustee. We find that the plaintiffs are creditors with a security interest in this fund. The deposit constitutes collateral which served to protect the landlord from incurring additional damages while the litigation proceeded in the Court of Common Pleas of Bucks County. If this Court were to hold otherwise, the Order of Judge Kelton would be rendered meaningless. The plaintiffs, furthermore, have alleged sufficient grounds for this Court to grant relief from the stay.

An appropriate Order will be entered.