In re Charles Kenneth
**MARONA, Debtor.**

**Charles Kenneth MARONA, Plaintiff,**

v.

**Polly CONRADI and State Farm
Mutual Insurance Company,
Defendants.**

**Bankruptcy No. 84–3148.
Adv. No. 85–0465.**

United States Bankruptcy Court,
N.D. Alabama, S.D.

Sept. 26, 1985.

James E. Nicholson, Birmingham, Ala., for State Farm Mut. Ins. Co.

**MEMORANDUM OF DECISION**

GEORGE S. WRIGHT, Bankruptcy Judge.

This cause initially came before the Court on a MOTION FOR RELIEF FROM

STAY filed by James E. Nicholson and State Farm Automobile Insurance Company (hereinafter called "State Farm") on July 18, 1985 seeking to receive funds placed on deposit with the debtor with the Department of Public Safety of the State of Alabama pursuant to Alabama Code Section 32–7–6 (1975). On July 23, 1985 the debtor filed a COMPLAINT FOR RETURN OF DEBTOR'S EXEMPT FUNDS seeking the same funds. Because the facts of this case are not in dispute and the only issues remaining are questions of law, the parties have consented to try the case on the stipulated facts.

### FINDINGS OF FACT

July 26, 1984, the debtor was involved in an automobile accident with James E. Nicholson who was apparently insured by State Farm. Pursuant to Alabama Code Section 32–7–6 (1975), C.H. Marona posted a DEPOSIT OF SECURITY for Charles K. Marona with four postal money orders totalling $1,923.00.

On February 4, 1985 a judgment was rendered in Court Case No. DV84–17090 against Mr. Marona and in favor of State Farm and Mr. Nicholson. The amount of the judgment was $1,922.93 plus $44.00 court costs, and no appeal was taken.

Mr. Marona filed his Chapter 7 petition on May 21, 1985; and in his Schedule B–4, the debtor has claimed the fund exempt under Alabama Code Section 6–10–6 (1980). The fund is now in the possession of Polly Conradi, Clerk of the District Court of Jefferson County, Alabama.

### CONCLUSIONS OF LAW AND APPLICATION OF FACTS

Section 541 of the Bankruptcy Code provides in pertinent part:

**Section 541 Property of the estate.**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. Section 541(a)(1) (1978). The fund which is at the heart of this dispute was created pursuant to Alabama Code Section 32–7–6 (1975). That section states in pertinent part:

**Section 32–7–6. Security required; exceptions; suspension of licenses and registrations.**

(a) Security required unless evidence of insurance; when security determined.— If 20 days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death or damage to the property of any one person in excess of $50.00, the director does not have on file evidence satisfactory to him that the person who would otherwise be required to file security under subsection (b) of this section has been released from liability, or has been finally adjudicated not to be liable, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments with respect to all claims for injuries or damages resulting from the accident, the director shall determine the amount of security which shall be sufficient in his judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner.

(b) Suspension.—The director shall within 60 days after the receipt of such report of a motor vehicle accident suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, and if such operator is a nonresident the privilege of operating a motor vehicle within this state, and if such owner is a nonresident the privilege of the use within this state of any motor vehicle owned by him, unless such operator or owner or both shall deposit security in the sum so determined by the director; provided, that notice of such suspension shall be sent by the director to such operator and

owner not less than 10 days prior to the effective date of suspension and shall state the amount required as security. Where erroneous information is given the director with respect to the matters set forth in subdivision (1), (2) or (3) of subsection (c) of this section, he shall take appropriate action as hereinbefore provided within 60 days after receipt by him of correct information with respect to said matters.

Ala.Code Section 32–7–6 (1975).

The Court concludes that Alabama Code Section 32–7–11 (1975) is dispositive of the issue presented to the Court by the facts of this case. That section states:

**Section 32–7–11. Custody, disposition and return of security.**

Security deposited in compliance with the requirements of this chapter shall be placed by the director in the custody of the state treasurer and *shall be applicable only to the payment of a judgment or judgments rendered against the person or persons on whose behalf the deposit was made,* for damages arising out of the accident in question in an action at law, begun not later than one year after the date of such accident or within one year after the date of deposit of any security under subdivision (3) of section 32–7–8, or to the payment in settlement agreed to by the depositor of a claim or claims arising out of such accident. Such deposit or any balance thereof shall be returned to the depositor or his personal representative when evidence satisfactory to the director has been filed with him that there has been a release from liability, or a final adjudication of nonliability, or a duly acknowledged agreement, in accordance with subdivision (4) of section 32–7–7, or whenever, after the expiration of one year from the date of the accident or from the date of any security under subdivision (3) of section 32–7–8, the director shall be given reasonable evidence that there is no such action pending and no judgment rendered

in such action left unpaid. (Underlining for emphasis)

Ala.Code Section 32–7–11 (1978). Since the fund is "applicable only to the payment of a judgment ... rendered against the person on whose behalf the deposit was made," *id.,* the Court concludes that Mr. Marona no longer has any legal or equitable interest in the security deposit which could be considered property of the estate under 11 U.S.C. 541(a)(1) (1978).[*]

The Court is aware of the cases of *In re Stephens,* 43 B.R. 97 (Bkrtcy.N.D.Ala.1984) and *In re Lewis,* 21 B.R. 926 (Bkrtcy.N.D. Ala.1982) wherein the courts ruled that an Order of Condemnation was required to cut off the debtors' interests in garnished wages. Those cases are not on point, however, since the Alabama garnishment statutes require such an Order of Condemnation and the Motor Vehicle Safety-Responsibility Act does not.

The Bankruptcy Court for the Eastern District of Pennsylvania dealt with a similar fact situation in the case of *In re Charles L. Rolison & Sons, Inc.,* 28 B.R. 302 (Bkrtcy.E.D.Pa.1983). The *Rolison* court ruled that a fund which the debtor had posted with the prothonotary of the county as security to stay a judgment by confession so that the debtor could remain in possession of the leased premises was property of the estate but that the landlord had a security interest in the fund and was entitled to relief from stay to collect the fund. While the *Rolison* court expressly ruled that the fund was property of the estate, the factual similarity of the case makes it persuasive since in this case the security was deposited so that the debtor could have continued use of his driving privileges.

## CONCLUSION

The court concludes that the fund which Mr. Marona posted pursuant to Alabama Code Section 32–7–6 (1975) is no longer property of the estate since it is "applicable only to the payment of a judgment ...

[*] The Court expressly does not address the situation where a petition for relief is entered after the security is posted but before the entry of a judgment against the debtor.

rendered against the person ... on whose behalf the deposit was made ....'' Ala. Code Section 32–7–11 (1975). The debtor's COMPLAINT FOR RETURN OF DEBTOR'S EXEMPT FUNDS is, therefore, due to be DENIED, and the MOTION FOR RELIEF FROM STAY filed by James E. Nicholson and State Farm is due to be GRANTED. A separate order will be entered consistent with this opinion.