THIGPEN, Judge.
The scant record in this case discloses that in January 1995, Betty Cagle and Tommy Cagle (collectively, Cagle), filed a complaint in the district court against Billy Hackman, seeking the eviction of Hackman from certain real property, past due rent, and attorney fees. Cagle alleged that Hackman owed for past due rent, that proper written notice to vacate the premises had been served on Hackman, and that more than 10 days had elapsed since the last notice. Hackman answered, denying the allegations of the complaint and contending, among other things, that no money was owed for past due rent, that no lease existed, and that he had not received proper notice.
Apparently, an eviction order was entered in the district court and Hackman appealed to the circuit court. Thereafter, Cagle filed a motion for a partial summary judgment, and attached supporting documentation. In response, Hackman filed his own affidavit, contending that he had not received proper notice and that Cagle had “taken enough money [from Hackman’s paychecks] in the past to cover a substantial amount of rent for a long period of time.” After a hearing on the matter, the trial court entered an order, which stated, in pertinent part, as follows:
“1. Pursuant to Rule 56 of the Alabama Rules of Civil Procedure, Summary Judgment ... is hereby granted in favor of [Cagle] and against [Hackman] as to the possession of the premises in question, and [it is ordered] that [Cagle] have and recover possession of said premises, INSTANTER.
“2. ... [A]ll other matters in this ease concerning the claims for rent and counterclaims thereto are to remain pending and to be heard at a later date.” (Emphasis added).
Hackman appeals.
“At the outset we note that a final judgment is one in which there has been a complete adjudication of all matters in controversy between the parties. The question of whether a decree is final and will support an appeal is jurisdictional, and once this court determines that the decree appealed from is not final, it has a duty to dismiss the appeal on its own motion. Where there is no appealable judgment or decree in the record, we have no alternative to dismissing the appeal.”
Peeks v. Peeks, 602 So.2d 906, 907 (Ala.Civ.App.1992) (citations omitted).
This court has previously held that a judgment that “declares the rights of the parties and settles the equities is final even though further proceedings by the court are envisioned so as to effectuate the decree.” Wilson v. Wilson, 53 Ala.App. 201, 204, 298 So.2d 622, 625 (Ala.Civ.App.1973), cert. denied, 292 Ala. 761, 298 So.2d 627 (Ala.1974). Here, however, we cannot determine from the scant record whether the trial court’s intention was for this judgment to be final as *782 to the eviction claim. Furthermore, we recognize that a judgment or order “need not be phrased in formal language nor bear particular words of adjudication.” Rule 58(b), A.R.Civ.P. In the instant case, however, it appears that the trial court failed to make an express determination that there was no just reason for delay and to direct that a judgment should be entered. See Rule 54(b), A.R.Civ.P.
Therefore, we remand this case for the trial court to make its eviction order final pursuant to Rule 54(b), if it intended to do so. If the trial court fails to make a Rule 54(b) certification within 10 days from the date of this opinion, the appeal will be dismissed. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
REMANDED. 
ROBERTSON, P.J., and MONROE, J., concur.