THIGPEN, Judge.
In September 1992, Marc Nichols was employed as a plumber with Ingram Plumbing (Ingram). In October 1992, Ingram was hired to install a 1,000-gallon grease trap on premises being developed by Waffle House, Inc. Nichols asserts that Houston Plumbing was hired by Waffle House, and Houston contracted with Ingram to install the plumbing in the Waffle House premises in Loxley, Alabama. Nichols contends that during the installation, he injured his back. He subsequently sued Ingram, Houston, and Waffle House, for workers’ compensation benefits. Ingram responded, contending that as an employer with less than five employees, it was not liable under the Workers’ Compensation Law for any injury of Nichols.
*351 Houston and Waffle House moved for a summary judgment, contending that Ingram was not their employee and that they were not responsible for Nichols’s injuries, if any. During the pendency of these proceedings, Nichols admitted in deposition that he had been injured in the identical area of the back while employed with the City of Homewood in 1989; that on that prior occasion, he had applied for and received workmen’s compensation benefits; and that surgery for the present injury had been paid for by his previous employer inasmuch as the prior judgment provided for the payment of future medical expenses.
During the course of these proceedings, Municipal Workers’ Compensation Fund, Inc. (Fund) moved to intervene, contending that inasmuch as Nichols had sued for benefits following what was alleged to be a new injury, it should be allowed to intervene to recover the amounts it had expended for his most recent surgery. The motion to intervene was granted, and thereafter, the Fund filed a complaint, asking for a judgment against Nichols and Ingram for all expenses paid since October 1992 on behalf of Nichols, together with compensatory and punitive damages in the amount of $100,000.
Houston, Waffle House, and Ingram filed separate motions for summary judgment. Following various hearings, all three motions were eventually granted, and Nichols appeals. We note, however, that, the record reflects that following the grant of Ingram’s motion for a summary judgment, and Nichols’s notice of appeal, the trial court set a hearing for matters pertaining to the intervenor. Thus, a threshold question arises as to whether it was the trial court’s intention that its summary judgments on behalf of Houston, Waffle House, and Ingram be final and appealable.
“At the outset we note that a final judgment is one in which there has been a complete adjudication of all matters in controversy between the parties. The question of whether a decree is final and will support an appeal is jurisdictional, and once this court determines that the decree appealed from is not final, it has a duty to dismiss the appeal on its own motion. Where there is no appealable judgment or decree in the record, we have no alternative to dismissing the appeal.”
Peeks v. Peeks, 602 So.2d 906, 907 (Ala.Civ.App.1992). (Citations omitted.)
This court has previously held that a judgment that “declares the rights of the parties and settles the equities is final even though further proceedings by the court are envisioned so as to effectuate the decree.” Wilson v. Wilson, 53 Ala.App. 201, 204, 298 So.2d 622, 625 (1973), cert. denied, 292 Ala. 761, 298 So.2d 627 (1974). Furthermore, we recognize that a judgment or order “need not be phrased in formal language nor bear particular words of adjudication.” Rule 58(b), A.R.Civ.P. Because we cannot determine the trial court’s intention in entering the summary judgments for Houston, Waffle House, and Ingram, and in view of the failure of the trial court to make an express determination that there was no just reason for delay and to direct that a judgment should be entered pursuant to Rule 54(b), A.R.Civ.P., we must remand the cause. See Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). The trial court may make its rulings on the various motions for summary judgment final pursuant to Rule 54(b), if it intended to do so. Unless the trial court enters a Rule 54(b) certification within 10 days from the date of this opinion, this appeal is dismissed. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988); see also Hackman v. Cagle, 677 So.2d 780 (Ala.Civ.App.1996).
APPEAL DISMISSED CONDITIONALLY.
ROBERTSON, P.J., and MONROE, J., concur.