Cassie Fisk Buckner died intestate. At the time of her death, she owned approximately 138 acres of real property in Limestone County, Alabama. Joseph William Roper, a "double first cousin," was appointed as the personal representative of the intestate estate. Roper, concluding that the property could not be divided in kind, filed a complaint requesting a sale for division, attorney fees, and expenses.
The trial court issued an order, permitting the sale of the real property by public auction. The property sold for $492,399.10. A confirmation hearing was held on August 23, 1995. The trial court entered its final judgment on August 29, 1995.
Among other things, the trial court, in its August 29, 1995, judgment, divided the proceeds of the sale and awarded Roper $23,738.29, pursuant to § 43-2-848(a), Code 1975. The judgment further provided "that there is no just cause for delay and that this order constitutes its final judgment in these proceedings."
Arthor Self, another relative of the decedent, then filed a post-judgment motion, requesting that the judgment be set aside as to certain issues. The motion was denied by operation of law. Self appeals.
Initially, Self asserts that the August 29, 1995, judgment was not a final judgment for purposes of this appeal.
A judgment that "declares the rights of the parties and settles the equities is final even though further proceedings by the court are envisioned so as to effectuate the decree."Wilson v. Wilson, 53 Ala. App. 201, 298 So.2d 622
(Ala.Civ.App. 1973). More specifically, a trial court, in a judgment confirming the sale of real property and the distribution of the proceeds from the sale of real property, has the authority to set forth provisions in the judgment to make the judgment effective without causing the judgment *Page 141 
to be interlocutory. Taylor v. Taylor, 398 So.2d 267
(Ala. 1981).
The trial court in this action determined all the rights and equities of the parties in its final judgment of August 29, 1995. It decided all the matters before it in such a manner as to completely resolve every issue in controversy. The opportunity to present post-judgment objections and the post-judgment proceedings were measures taken by the trial court to effectuate the August 29, 1995, final judgment. We find the August 29, 1995, judgment to be final and supportive of this appeal.
Self argues that the trial court erred in failing to correct an improper computation in the order of distribution. Roper agrees that the calculation error is in need of correction. Therefore, we remand that issue to the trial court for a recalculation.
Self next asserts that the trial court erred in awarding to Roper $23,738.29 in personal representative fees.
Section 43-2-848(a), Code 1975, provides the following:
 "(a) A personal representative is entitled to reasonable compensation for services as may appear to the court to be fair considering such factors that may include, but are not limited to, the novelty and difficulty of the administrative process, the skill requisite to perform the service, the likelihood that the acceptance of the particular employment will preclude other employment, the fee customarily charged in the locality for similar services, the amount involved and the results obtained, the requirements imposed by the circumstances and condition of the estate, the nature and length of the professional relationship with the decedent, the experience, reputation, diligence, and ability of the person performing the services, the liability, financial or otherwise, of the personal representative, or the risk and responsibility involved, which shall not exceed two and one-half percent of the value of all property received and under the possession and control of the personal representative and two and one-half percent of all disbursements."
Section 43-2-848(a), Code 1975, provides that the personal representative is entitled to a percentage "of the value of all property received and under the possession and control of thepersonal representative . . . ." (Emphasis added.) Pursuant to § 43-2-830(b), Code 1975, the personal property of the intestate decedent devolves to the personal representative. Unlike personal property, the intestate decedent's real property devolves to the decedent's heirs. That is, the personal representative is generally not in possession or control of the real property. § 43-2-830(a), Code 1975.
There are two exceptions to the above-stated general rule regarding the devolution of the intestate decedent's real property: The first exception is that the devolution of a decedent's real property is subject to the rights of creditors and to administration. § 43-2-830, Code 1975. In other words, title to the real property vests upon death in the heirs as joint owners, but subject to divestment, if needed, for payment of debts of the estate or costs and expenses of administration. Real property is left with the heirs, the persons presumptively entitled thereto, unless the personal representative shall determine that his possession of the real property is necessary for purposes of administration. § 43-2-837, Code 1975.
The parties stipulated that the administration of the estate of Buckner was a separate civil action and that there was on deposit in the estate administration proceeding approximately $300,000, with no known debts of the estate with the exception of potential tax liability. The maximum estate tax liability was estimated to be $60,000 and was substantially less than the $300,000 available for the payment of debts. Therefore, Roper could not have concluded that possession and control of the real property was necessary for purposes of administration.
Sections 43-2-442 through -444, Code 1975, provide for the second exception. Those sections allow a personal representative to bring a sale of lands for division "for the payment of debts." The sections require the written consent of an adult heir to sell and an application for sale, verified by affidavit, *Page 142 
to the probate court having jurisdiction of the estate.
In this proceeding the sale for division was brought under § 35-6-20, Code 1975, and was a separate civil action from the administration of the estate. The real property did not have to be sold to pay the debts of the estate. The complaint was not verified by affidavit, and there was no written consent of an adult heir filed.
The two exceptions to the general rule are inapplicable to the facts before us. Roper was not in possession or control of the real property. Therefore, the trial court's finding that he was entitled to a personal representative fee pursuant to Code 1975, § 43-2-848(a), was made in error.
As this action was not brought under § 43-2-837, Code 1975, and was not necessary to the benefit of the estate, Roper was not entitled to a personal representative fee as services performed in relation to the action. The right to a personal representative fee may arise only in services performed in serving the benefit of the estate. McCollum v. Towns,435 So.2d 17 (Ala. 1983). The estate, in this action, was not served. The only interests served were those of the owners of the real estate.
Self finally asserts that the trial court erred in refusing to award him attorney fees from the common fund, pursuant to § 34-3-60, Code 1975.
Section 34-3-60, Code 1975, allows the trial court, in its discretion, to award attorney fees from the common fund in a sale for the division of property. The attorney fees authorized by that section are not limited to the plaintiff's attorney. Under certain circumstances attorney fees may be awarded to the defendant's attorney. Mann v. Mann, 451 So.2d 783 (Ala. 1984).
In Matthews v. Lytle, 220 Ala. 78, 124 So. 197 (1929), our supreme court explained how attorney fees could be paid to both attorneys:
 "To permit counsel for [defendant] to have a fee out of the estate, he must have been employed to render and did perform some service for the common benefit of all, which in due course of the proceeding other counsel had not been employed to render, or had unduly failed to perform, unless in the discretion of the court it appears that a case is presented in which more than one counsel should be employed for the common benefit. Under the statute, this is largely controlled by the discretion of the court, subject to proper review."
As can be seen from the outcome of this appeal, the actions of Self's attorney were rendered for the benefit of all the descendants. We, therefore, find that his attorney is entitled to payment from the common fund.
The judgment of the trial court is reversed. The cause is remanded for the trial court to recalculate the percentages in the order of distribution, to expunge Roper's personal representative fee, and to award attorney fees from the common fund to Self's attorney, if determined appropriate.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.