Richard W. Wyers, Jr., appeals from a judgment entered against him in an action on a creditor's bill filed by Sam Watkins Keenon, Jr. We reverse and remand.
This case began as an action filed by Keenon against his employer, Antique Classic Autos, Inc. ("ACA"), and the owner of that corporation, Richard W. Wyers, Sr. ("the owner"), in which Keenon alleged that he had been injured at work when a "flash fire" ignited and burned him. Keenon's complaint sought workers' compensation benefits and damages for an alleged retaliatory discharge. Keenon later amended his complaint to allege a breach of contract and to assert claims pursuant to the Employer's Liability Act (§ 25-6-1 et seq., Ala. Code 1975). The appellant in this present case, Richard W. Wyers, Jr., was never a defendant in Keenon's action against ACA and the owner.
In September 1994, ACA and the owner moved for a summary judgment. In December, their attorneys withdrew as counsel; the owner proceeded pro se. In July 1995, Keenon also moved for a summary judgment. He acknowledged that ACA and the owner were entitled to a summary judgment as to his workers' compensation and retaliatory-discharge claims because the business had too few employees to be subject to the workers' compensation statute, but he contended that he was entitled to a summary judgment holding ACA and the owner liable on his breach-of-contract claim and his claims based on the Employer's Liability Act. On August 4, 1995, the court dismissed Keenon's workers' compensation and retaliatory-discharge claims, and entered a summary judgment for Keenon as to the remaining claims, assessing damages at $100,000 against ACA and the owner. ACA and the owner, again represented by counsel, filed a postjudgment motion, which the trial court denied. They did not appeal, however, from the judgment against them.
Keenon then began the process of trying to collect on the judgment; he filed over a dozen garnishments. One of those garnishments was filed against Richard W. Wyers, Jr. In August 1996, Keenon moved for a conditional judgment against Wyers, Jr. with respect to that garnishment. In July 1997, Wyers, Jr. (as garnishee) moved for a summary judgment, contending that he was not in possession of any property owned by his father (Wyers, Sr., the owner) or ACA.
On February 17, 1998, Keenon filed a document styled "Amended Motion for Relief (Creditor's Bill)." Keenon sought to be appointed as a "receiver" to take possession of certain assets held by Wyers, Jr. and ACA. Keenon also sought a monetary judgment against Wyers, Jr. "in a sum equal to the value of any assets diverted by said Richard Wyers, Jr."
The court held a hearing on the creditor's bill on May 8, 1998. On May 11, 1998, the court appointed Keenon receiver. The court also ordered that all assets of Wyers, Jr. be seized. However, the court did not specifically enter a judgment with respect to the assets held by Wyers, Jr., and it made no finding that assets of ACA and the owner had been fraudulently diverted to Wyers, Jr. Instead, the court *Page 355 
entered a judgment against Wyers, Jr. for $107,409, a sum equal to the amount of the judgment against ACA and the owner, plus interest.
On May 18, 1998, the court amended the judgment and appointed an attorney as receiver in place of Keenon. On June 10, 1998, Wyers, Jr. filed a motion to alter, amend, or vacate that May 18, 1998, judgment. He argued that the court did not have jurisdiction to enter a monetary judgment against him and that he should be discharged as a garnishee because, he said, he had surrendered all of the property subject to levy on an execution of the judgment against ACA and the owner. The trial court denied the motion. On July 21, 1998, Wyers, Jr. appealed from the judgment entered against him. On August 31, 1998, Keenon moved to dismiss the appeal on the ground that the judgment appealed from was not a final judgment.
On his motion to dismiss, Keenon argues that the judgment against Wyers, Jr. was not "final" and therefore not appealable. It is well settled that a judgment entered in a garnishment action has all the properties and qualities of finality and conclusiveness of a judgment entered in any other civil action. Steiner v. First Nat'l Bank of Birmingham, 115 Ala. 379,22 So. 30 (1897). The fact that the trial court has retained jurisdiction of the action pending a final accounting by the receiver does not affect the finality of the judgment. A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment. Self v. Roper,689 So.2d 139, 140 (Ala.Civ.App. 1996) (citing Wilson v. Wilson,53 Ala. App. 201, 298 So.2d 622 (Ala.Civ.App. 1973), cert. denied,292 Ala. 761, 298 So.2d 627 (1974)). The judgment against Wyers, Jr. is a final judgment for purposes of appeal, and Keenon's motion to dismiss is denied.
Wyers, Jr. argues that the trial court had no jurisdiction in the action on a creditor's bill to enter a monetary judgment against him that exceeded the value of the judgment debtors' property he held. Wyers, Jr. contends that because a creditor's bill is an action in rem, the trial court had jurisdiction only over the assets held by him that could have been subject to levy on an execution of Keenon's judgment against ACA and the owner. A "creditor's bill" is an "equitable proceeding brought [by a creditor] to enforce [the] payment of [a] debt out of property . . . of [his] debtor which cannot be reached by ordinary legal process." Black's Law Dictionary
369 (6th ed. 1990). Section 6-6-180, Ala. Code 1975, provides:
 "When an execution for money from any court has been issued against a defendant and is not satisfied, the plaintiff, or the person for whose benefit such execution is sued out, may file a complaint against such defendant to compel the discovery of any property belonging to him, or held in trust for him, and to prevent the transfer, payment or delivery thereof to such defendant, except when the trust has been created by, or proceeded from, some other person than the defendant himself; and the court may bring any other party before it and adjudge such property, or the interest of the defendant therein, to the satisfaction of the sum due the plaintiff."
A creditor's bill is in the nature of an equitable execution, which is granted on the ground that there is no remedy at law. 21 Am. Jur. 2dCreditor's Bill § 2 (1981). The process of garnishment and a creditor's bill are, in effect, instituted for the same purpose, namely, to reach money or property in the hands of a third party, due and owing from a judgment debtor to a judgment creditor. 21 C.J.S. Creditor and Debtor § 95 (1990). The general rule is that when a creditor's bill is brought to reach a debtor's assets in the hands of a third person, a judgment entered on the creditor's bill cannot exceed the value of those assets and a personal judgment cannot *Page 356 
be rendered against that third person. 21 Am. Jur. 2d Creditor's Bill
§ 87 (1981). Thus, any judgment against Wyers, Jr. should have been limited to the value of the assets he held that otherwise would be subject to levy on an execution of Keenon's judgment against ACA and the owner.
Wyers, Jr. also argues that the trial court erred in making the judgment on the creditor's bill retroactive to the date the garnishment was filed. The creditor's bill was filed on February 17, 1998, but the trial court made the judgment on it retroactive to August 12, 1996, the date Keenon had filed his garnishment against Wyers, Jr. The judgment addressed only the issues respecting the creditor's bill. The general rule is that a lien obtained on the equitable assets of a debtor by a creditor's bill attaches on the date of the commencement of the creditor's bill. 21 C.J.S. Creditor and Debtor
§ 105 (1990).
We conclude that the trial court did not have the authority to enter a personal judgment against Wyers, Jr. for the entire amount of the judgment against ACA and the owner, absent a finding that he had received from those debtors assets having a value equal to or exceeding that amount, assets to which Keenon had a prior claim. Without a finding that Wyers, Jr. has converted assets having a value equal to or exceeding the amount of the judgment against ACA and the owner, the judgment against Wyers, Jr. would be limited to the value of any property belonging to ACA and the owner that Keenon could prove Wyers, Jr. wrongly possessed or disposed of, thereby defeating Keenon's right as a judgment creditor to those assets.
We reverse the judgment against Wyers, Jr., personally, in the amount of $107,409 and remand the case to allow the trial court to determine what amount, if any, should be entered as a judgment against him. Furthermore, any judgment entered on remand should be made retroactive only to February 17, 1998, the date on which the creditor's bill was filed.
 MOTION TO DISMISS DENIED; REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, and Johnstone, JJ., concur.