MURDOCK, Justice
(concurring specially).
I fully concur in the main opinion. I write separately to comment on the tension between the trial court’s conclusion, on the one hand, that Lathan’s amended complaint, filed on September 22, 2008, represented “an entirely new cause of action alleging alter ego” and the trial court’s conclusion, on the other hand, that this amended complaint was “in essence almost in the nature of a creditor’s bill.” In Wyers v. Keenon, 762 So.2d 353 (Ala.1999), this Court explained what a creditor’s bill is and is not:
“A creditor’s bill is in the nature of an equitable execution, which is granted on the ground that there is no remedy at law. 21 Am.Jur.2d Creditor’s Bill § 2 (1981). The process of garnishment and a creditor’s bill are, in effect, instituted for the same purpose, namely, to reach money or property in the hands of a third party, due and owing from a judgment debtor to a judgment creditor. *1182 21 C.J.S. Creditor and Debtor § 95 (1990). The general rule is that when a creditor’s bill is brought to reach a debt- or’s assets in the hands of a third person, a judgment entered on the creditor’s bill cannot exceed the value of those assets and a personal judgment cannot be rendered against that third person. 21 Am.Jur.2d Creditor’s Bill § 87 (1981).”
762 So.2d at 355-56 (emphasis added). The amended complaint was an effort to obtain a “personal judgment” against a new defendant and thus was not a “creditor’s bill.”